GAZDECKI *v.* CARGILL

Automoblies — Transfer of Title — Ownership — Automobile Dealer — Purchaser — Statutes.

> Legal title of an automobile does not pass from a licensed automobile dealer to a prospective purchaser where the dealer has received only a deposit on the automobile and delivered the automobile with the dealer license plates attached with no written evidence of sale because, by statute, the purchaser of the vehicle shall sign the applications and other necessary papers to enable the dealer to secure the transfer of title (MCLA § 257.217).

Reference for Points in Headnote
7 Am Jur 2d, Automobiles and Highway Traffic §§ 42–46.

Appeal from Wayne, John B. Swainson, J. Submitted Division 1 May 6, 1970, at Detroit. (Docket No. 8,082.) Decided November 27, 1970.

Complaint by George Gazdecki and Verna Gazdecki against Willie Cargill and P. L. Grissom & Son Buick, Inc., for damages for injuries received in an automobile accident. Summary judgment for defendant Grissom. Rehearing denied. Plaintiffs appeal. Reversed.

*Fish & Fish,* for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock* (*Charles T. McGorisk* and *Joel S. Morse,* of counsel), for defendants.

Before: V. J. BRENNAN, P. J., and McGREGOR and AGER,* JJ.

McGREGOR, J. On May 24, 1966, plaintiff George Gazdecki was injured when the car he was operating was struck in the rear by a 1965 Buick automobile, being operated by defendant Willie James Cargill. One week before the accident Cargill had paid $200 as a deposit on the automobile to P. L. Grissom & Son, a Michigan corporation, licensed automobile dealer. He took delivery of the car three days before the accident; the reassignment of the automobile title had not been executed nor delivered and the dealer's license plates were on the automobile at the time of the accident. Plaintiff filed his complaint in the circuit court against Cargill as the driver and Grissom as the owner of the 1965 Buick. Defendant Grissom pleaded the affirmative defense that it was not the owner of the vehicle at the time

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of the accident. Defendant Cargill admitted in his answer that he was the operator of the Buick, that defendant Grissom was the owner of the automobile at the time of the accident, and that reassignment of the car title or delivery of the application for such transfer had not been made before the accident. The deposition of defendant Cargill was taken, in which he stated that he received delivery of the auto on the Saturday prior to the accident; that he had no papers thereto prior to the accident; that on the day of the accident he was on his way to the defendant's salesroom; that the auto was taken to defendant Grissom after it was wrecked; that the application for transfer of the certificate of title was signed after the accident; that he paid $100 on the car after the accident; and that he received his plates and the title to the automobile two weeks after the accident.

Defendant Grissom filed a motion for summary judgment for no cause of action on the grounds that, under Michigan statute[1] and case law, defendant Grissom was not liable as owner at the time of the accident. Plaintiff filed an answer to the motion, asserting that a question of fact existed on the issue of ownership and that, based on defendant Cargill's deposition, the transfer of title was not made until after the accident.

The trial court held that defendant Grissom was relieved of liability by the 1964 amendment to the statute,[2] under the theory that the defendant dealer had 15 days after delivery of the vehicle to the purchaser to make application to the Secretary of State for transfer of title. On March 7, 1969, an order for summary judgment was entered. On March 17,

---

[1] MCLA § 257.217(b) (Stat Ann 1968 Rev § 9.1917[b]).
[2] MCLA § 257.217(d) (Stat Ann 1968 Rev § 9.1917[d]).

1969, plaintiffs filed a motion for rehearing of the order for summary judgment, which was denied.

The issue, as framed, requires this Court to determine if the title of an automobile passes from a licensed automobile dealer to a prospective purchaser, where the dealer has received only a deposit on the automobile, delivers the auto with the dealer plates attached, and with no written evidence of sale.

The trial court's interpretation—holding that the legal title of the automobile passed on delivery of the vehicle—was in error. Something more must be done by an automobile dealer to transfer ownership of an automobile to a prospective purchaser. Under the cited statute, the purchaser of the vehicle shall sign the applications and other necessary papers to enable the dealer to secure the transfer of title.

Disposition of this case is governed by this Court's holding in *Messer* v. *Averill* (1970), 28 Mich App 62. In view of the determination by this Court, there is no need for ruling on the correctness of the entry of a summary judgment.

The holding of the trial court is reversed. Costs to appellants.

All concurred.