**EASTERN COAL CORPORATION,**
Appellant,

v.

**McNALLY PITTSBURG MANUFACTUR-
ING CORPORATION, Appellee.**

No. 13860.

United States Court of Appeals
Sixth Circuit.

Jan. 13, 1960.

George Richardson, Jr., Bluefield, W. Va., and Paul S. Hudgins, Huntington, W. Va.; J. Peyton Hobson, Jr., Pikeville, Ky., on the brief, for appellant.

C. Kilmer Combs, Prestonsburg, Ky., and Henry S. Willard, Wellston, Ohio; Combs & Combs, Prestonsburg, Ky., Reese & Willard, Wellston, Ohio, on the brief, for appellee.

Before McALLISTER, Chief Judge, and MARTIN and CECIL, Circuit Judges.

PER CURIAM.

Appellee contracted to design, fabricate, erect, and adjust for appellant, certain machinery, "entirely suitable" for cleaning coal. The contract was silent as to the time in which it was to be performed. However, the agreement provided that appellee reserved the right to make, at no cost to appellant, such changes in materials or arrangements, as in its judgment, were essential for the proper operation of the plant. It provided for shipment of the fabricated parts within four months of the execution of the contract, and "predicted" erection within six months thereafter. The erection was actually completed on April 21, 1956, which, appellant concedes, was compliance with the contract with regard to the requirement for erection.

A dispute arose as to whether the installation of a screen was necessary to the refuse system. This system had been designed to pump the refuse, suspended in water; and, although in operation this system resulted in the occurrence of some plugging, appellee was of the opinion that it could be substantially reduced and easily eliminated. However, appellant insisted upon the installation of a screen even though appellee advised against it. The question of payment therefor was left open. Whether this was a necessary revision, under the "Revision" provision in the contract, setting forth that appellee reserved the right to make such changes as, in its opinion, were necessary for the proper operation of the plant, was considered a question of fact for the jury. Under the contract, providing that appellee might make such necessary changes in the materials or arrangement in the exercise of its judgment, it im-

plicitly appears that there was a provision for a period of trial operation. At least that was a question of fact for the jury.

It is a recognized rule that when the duration of a contract is indefinite, it is to be performed within a reasonable time. At the conclusion of the proofs, appellant requested the court to charge the jury that if appellee failed to design, deliver, and install such equipment within a reasonable period of adjustment, after April 23, 1956, then appellant would be entitled to damages, such as were directly and naturally suffered by it by reason thereof. Appellant further requested the court to instruct the jury that if appellee failed to place the plant in a suitable condition for cleaning the coal within a reasonable time after April 23, 1956, the jury should then find for appellant in such an amount as would compensate it for its actual losses, including the loss of profits that were directly and naturally suffered by appellant in the ordinary course of events.

The trial court instructed the jury to find for appellant, if appellee had failed to put the plant in a suitable condition within a reasonable time after April 23, 1956, the date on which the erection was completed.

Appellant excepted to the charge of the court, stating that the exception was taken "on the ground that [the court] told the jury the sole question is reasonable time and assumed that eliminates the vital question of whether or not the original design and installation, or either of them, were proper." Thereupon, the court immediately instructed the jury that the question of reasonable time contemplated that the jury "must consider whether or not the plans as drawn and adopted and used by the plaintiff in erecting this plant were made with an error in them." The court further instructed the jury that "if the plans were wrong, that was a thing for you to consider in determining whether or not it was the fault of the plaintiff and [that] the plant was not adjusted within a reasonable time." After this addi-

tional instruction had been given, no further exceptions were taken by appellant.

■ As evident from the foregoing, the crux of the case was whether the contract had been performed within a reasonable time; and, under the facts of the case, the court's charge on that subject was not only appropriate and correct, but it was invited by appellant.

■■ Other questions raised become largely irrelevant in the light of the court's charge and the verdict of the jury in appellee's favor. When the revisions in the plant had been made, and the screen (which was insisted upon by appellant) was installed, appellant was satisfied with the plant. Since the jury found for appellee to the effect that the installation, adjustment, and revision of the plant had been performed within a reasonable time, it never reached the question of appellant's counterclaim; and the question of erroneous instructions in this regard is not before us. The court properly instructed the jury that in order to justify an award of damages, they must result from the breach of the contract. The finding of the jury that the screen installed by appellee during the adjustment period was necessary to the refuse system was, in our opinion, not inconsistent with a finding that the manufacturer provided a suitable refuse system within a reasonable time. The testimony of qualified witnesses disclosed that the plans for pumping the refuse were according to accepted engineering practice, in spite of the fact that stoppages occurred. A number of adjustments and revisions were made by appellee; and these were required to be carefully considered and gradually effected to avoid imperfection of operation elsewhere in the plant. Appellant insisted upon the screen to remove the refuse; and appellee promptly ordered its fabrication and installation, although it considered and advised appellant that, in its opinion, it was unnecessary, and would add to appellant's costs. The jury agreed with the appellant that the screen was necessary to the refuse system; but did not agree with its contention that appel-

lee was guilty of unreasonable delay in making the refuse system work. What the jury must have concluded was that the plans for the structure were properly prepared, and that appellee had spent only a reasonable time trying to adjust the refuse system before installing the screen. In these conclusions, we find nothing inconsistent. The verdict was sustained by the evidence.

In accordance with the foregoing, the judgment of the District Court is affirmed.