KARIBIAN v PALETTA

Docket No. 56856. Submitted October 12, 1982, at Detroit.—Decided
    January 10, 1983.

    Van Karibian owned a 1978 "Silver Edition" Corvette valued at
    $12,500. He delivered the car to Colin Brook to transport it to
    England to sell. The title was signed by Karibian, and later
    notarized, but did not have Brook's name on it. Brook, instead
    of shipping the car to England, sold it to Antonio and Maria
    Paletta for $8,500, which the Palettas borrowed from Liberty
    State Bank & Trust Company. Brook did not turn the money
    over to Karibian. Karibian filed suit against Antonio Paletta,
    his mother, Maria Paletta, and Liberty State Bank & Trust
    Company in Oakland Circuit Court seeking to recover the car.
    The trial court referred the matter to a "master in chancery"
    for fact finding. The court, Alice L. Gilbert, J., relying on the
    findings of the "master in chancery" thereafter granted plain-
    tiff's motion for summary judgment. Defendants Paletta appeal.
    *Held:*

        1. Courts should not use the procedure utilized in this case
    for fact-finding. The office of Master in Chancery is prohibited
    by the Michigan Constitution and there are no constitutional or
    statutory provisions giving a circuit court judge the power to
    appoint anyone to sit as a court in a civil action.

        2. Since Michigan does not require the transferee's name to
    be on the certificate of title when a car is sold, the incomplete
    certificate of title did not give defendants constructive notice of
    any contrary claims to the car. The fact that the certificate of
    title did not have the transferee's name on it would not prevent
    defendants from being good faith bona fide purchasers for
    value, as contended by plaintiff.

        3. The question of whether the low cost of the car put

REFERENCES FOR POINTS IN HEADNOTES
[1, 8] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[2] 37 Am Jur 2d, Fraud and Deceit §§ 187, 203, 220.
[3-5] 7A Am Jur 2d, Automobiles and Highway Traffic §§ 44, 45.
[5] 7A Am Jur 2d, Automobiles and Highway Traffic § 31.
[6, 8] 67 Am Jur 2d, Sales § 16.
[7] 37 Am Jur 2d, Fraud and Deceit §§ 44, 112, 440.

defendants on constructive notice that Brook did not really own it was for the jury to decide. The price of the car, although it is evidence that defendants may not have been good faith bona fide purchasers for value, may not be used in and of itself as a basis for summary judgment.

4. The question of whether defendants could not have been good faith bona fide purchasers for value because Antonio Paletta's prior dealings with Brook placed him on constructive notice that Brook did not own the car is also a question for the jury to decide.

Reversed and remanded.

1. JUDGMENTS — SUMMARY JUDGMENTS.

A summary judgment is inappropriate where a material fact is created when the affidavits, pleadings, depositions, admissions and documentary evidence, viewed in the light most favorable to the party opposing the motion, might permit inferences contrary to the facts as asserted by the movant.

2. FRAUD — INNOCENT PARTIES.

A court, when faced with a choice between two innocent parties in a case involving fraud, will generally rule in favor of the party other than the one which made the fraud possible.

3. AUTOMOBILES — SALES — MICHIGAN VEHICLE CODE.

The sale of a car is void where the sale violates the Michigan Vehicle Code (MCL 257.1 *et seq.;* MSA 9.1801 *et seq.).*

4. AUTOMOBILES — SALES — KNOWLEDGE OF BUYER.

A car buyer is charged with knowledge of the statutes pertinent to the purchase and sale of motor vehicles.

5. AUTOMOBILES — SALES — CERTIFICATE OF TITLE.

Michigan does not require the transferee's name to be on the certificate of title when a car is sold.

6. SALES — UNIFORM COMMERCIAL CODE — GOOD FAITH — SUBJECTIVE TEST.

The Uniform Commercial Code employs a subjective test of good faith between buyers and sellers of goods (MCL 440.1201[19]; MSA 19.1201[19]).

7. FRAUD — INFERENCES — JURY QUESTION — SALES.

The question of whether fraud may be inferred from an item's being priced below value is for the jury to decide.

8. SALES — GOOD FAITH — KNOWLEDGE OF BUYER.

> The question of whether or not a buyer of goods had notice inconsistent with his good faith purchaser's status is an issue which cannot be resolved by a summary judgment.

*Raymond, Rupp & Wienberg, P.C.* (by *Patrick C. Hall),* for plaintiff.

*Lawrence E. Zellen,* for defendants.

Before: T. M. BURNS, P.J., and V. J. BRENNAN and WAHLS, JJ.

T. M. BURNS, P.J. On February 2, 1981, the trial court granted plaintiff's motion for summary judgment. Defendants Antonio and Maria Paletta appeal as of right.

In early 1979, plaintiff owned a 1978 "Silver Edition" Corvette allegedly worth $12,500. On August 9, 1979, plaintiff delivered the car to Colin Brook to transport it to England to sell. Simultaneously, plaintiff transferred the title of the car to Brook. Although he signed his own name on the certificate of title, which was subsequently notarized, he failed to place Brook's name on it. However, rather than shipping the car to England, Brook sold it to defendants for $8,500 which was borrowed from defendant Liberty State Bank & Trust.[1] Brook failed to turn the money over to plaintiff.

Eventually, plaintiff sued for the car. Defendants responded by filing an answer and a motion for summary judgment. Rather than rule on the motion, the trial court referred the dispute to an officer it called a Master in Chancery for fact finding. Even though defendants objected to the Master in Chancery's findings of fact, the trial

---

[1] On January 27, 1981, the parties stipulated that defendant Liberty State Bank & Trust be dismissed from the suit.

court granted plaintiff's summary judgment motion based on these findings.

Defendants first argue that the summary judgment should be reversed because the Michigan Constitution prohibits the office of Master in Chancery. Const 1963, art 6, § 5. We need not determine whether or not the parties may stipulate to such a procedure, however, because of our resolution of the next issue. Yet, we suggest trial courts not use this procedure. See *Brockman v Brockman,* 113 Mich App 233; 317 NW2d 327 (1982).

The trial judge granted plaintiff's motion claiming that the undisputed facts showed that defendants were not good faith bona fide purchasers for value. A summary judgment is inappropriate where a material fact is created when the affidavits, pleadings, depositions, admissions and documentary evidence, viewed in the light most favorable to the party opposing the motion, might permit inferences contrary to the facts as asserted by the movant. *Opdyke Investment Co v Norris Grain Co,* 413 Mich 354; 320 NW2d 836 (1982).

Generally, when faced with a choice, as here, between two innocent parties, courts will rule in favor of the party other than the one who made the fraud possible. *Grahan v Sinderman,* 238 Mich 210; 213 NW 200; 51 ALR 1225 (1927). Because Brook defrauded plaintiff rather than stole from him, defendants will prevail if they can prove that they are good faith bona fide purchasers for value. MCL 440.2403; MSA 19.2403.

Specifically, the trial judge found that defendant Antonio Paletta was not a good faith bona fide purchaser for value:

"[B]ecause he had knowledge of Colin Brook's unreliability before the Silver Corvette was purchased; because

Brook was too willing to sell the Corvette at any price acceptable to the bank even if such price was below market value, and because defendant should have been alerted by the incomplete title to the fact that he should at least have contacted plaintiff to confirm Colin Brook's statements."

Plaintiff first argues that defendants[2] could not have been good faith bona fide purchasers for value because the certificate of title did not have the transferee's name on it.[3] A sale of a car is void where the sale violates the Michigan Vehicle Code. *Endres v Mara-Rickenbacker Co,* 243 Mich 5; 219 NW 719 (1928); *Dodson v Imperial Motors, Inc,* 295 F2d 609 (CA 6, 1961). A car buyer is charged with knowledge of the pertinent statutes. *Cain v Kroblen GMC Truck Sales, Inc,* 360 Mich 244; 103 NW2d 353 (1960); *Bayer v Jackson City Bank & Trust Co,* 335 Mich 99; 55 NW2d 746 (1952). Therefore, the relevant inquiry is whether or not Michigan's statutes require the transferee's name to be on the certificate of title. If so, defendants cannot be good faith bona fide purchasers for value.

A number of cases have stated that the transfer-

---

[2] The trial judge found that Maria Paletta was not a good faith bona fide purchaser for value either because she had seen that Brook's name had not been placed on the certificate of title or because the car's price was below fair market value. For simplicity's sake, we shall refer to either Maria or Antonio or both as "defendants" without distinguishing between them. Obviously, if Antonio is a good faith bona fide purchaser for value, Maria is also.

[3] *Drettmann v Marchand,* 337 Mich 1; 59 NW2d 56 (1953), illustrates this point. There, one of the defendants owned a 1948 Cadillac which he used as security for a chattel mortgage in order to obtain a loan from the plaintiff. Although the plaintiff kept the certificate of title, it remained in the names of that defendant and his wife. Eventually, they sold the car to defendant Ford, the operator of a used-car lot. The Supreme Court held that Ford was not a bona fide purchaser because Ford had known that the certificate of title was held by the plaintiff and because the certificate of title had in fact not been transferred. Of course, if Ford had proven that he did not have notice, he would not have been liable to the plaintiff. MCL 440.2403; MSA 19.2403.

ee's name must be on the certificate of title. *E.g., Fick v Mills,* 347 SW2d 381 (Tex Civ, 1961); *Hawkins v M & J Finance Corp,* 238 NC 174; 77 SE2d 669 (1953); *Swartz v White,* 80 Utah 150; 13 P2d 643 (1932); *Rasmussen v O E Lee & Co, Inc,* 104 Mont 278; 66 P2d 119 (1937). However, each of these cases relied on its own state's motor vehicle statute. Michigan does not require the transferee's name to be on the certificate of title when a car is sold. This Court ruled in *Albanys v Mid-Century Ins Co,* 91 Mich App 41, 44-45; 282 NW2d 11, 13 (1979), *rev'd on other grounds* 407 Mich 925; 285 NW2d 202 (1979):

"The statute only requires an owner to 1) endorse the certificate of title and 2) deliver the certificate to the transferee. There is no requirement that the transferee's name be placed on the certificate.

"Additionally, the purpose of the statute is 'to discourage and to prevent the stealing of automobiles, to protect the public against crime'. * * * This objective is met by requiring that a signed, notarized title be delivered to a transferee in possession in order to transfer title. Requiring the transferee's name on the certificate of title would not further the statutory purpose. The notarized signature of the transferor sufficiently ensures that the transferor intends to sell the vehicle involved."

In granting summary judgment, the trial judge relied on *Jackson City Bank & Trust Co v Blair,* 333 Mich 399, 407; 53 NW2d 493, 497; 32 ALR2d 920, 926 (1952):

"The rule of *Willey v Snyder* [34 Mich 60 (1876)], casts the burden on the subsequent purchaser or mortgagee to make reasonable inquiry beyond the description in the mortgage itself if it furnishes the means of identification; and if such reasonable inquiry would

reveal the complete identification, the filing of the mortgage will constitute adequate constructive notice."

However, the incomplete certificate of title did not give defendants constructive notice under the present situation. The validly executed and notarized certificate of title sufficiently complied with the motor vehicle code and did not give defendants notice of any contrary claims.

Plaintiff next argues that the low costs of the car put defendants on constructive notice that Brook did not really own it. MCL 440.1201(19); MSA 19.1201(19) defines good faith as: "honesty in fact in the conduct or transaction concerned". This is a "subjective test of good faith, sometimes referred to as the 'white heart and empty head' test, rather than the objective or 'reasonably prudent man' test". Steinheimer, Practice Commentary to § 1201(19), 21 Michigan Compiled Laws Annotated, p 67. Before Michigan adopted the Uniform Commercial Code, good faith required the absence of participation in the fraud or collusion with the wrongdoer and the absence of knowledge or notice and also of facts to put an ordinarily prudent person on inquiry. *Austin v Hayden,* 171 Mich 38; 137 NW 317 (1912). However, even under the objective test, although a factfinder may infer fraud from the price being below value, such a consideration was a jury question. *Pinkerton Brothers Co v Bromley,* 119 Mich 8; 77 NW 307 (1898). Therefore, we hold that, under the subjective test adopted by the UCC, the question of whether the low price of the car was sufficient to put defendants on constructive notice that Brook did not really own it is a jury question. Although the price of the car is evidence that defendants may not have been good faith bona fide purchasers

for value, it may not be used in and of itself to decide a motion for summary judgment.

Plaintiff last argues that defendants Paletta could not have been bona fide purchasers for value because Antonio Paletta's prior dealings with Brook placed him on constructive notice that Brook did not own the car. In *Jones v Linebaugh,* 34 Mich App 305; 191 NW2d 142 (1971), the buyer of a car knew that he was dealing with a person who did not have title to the two cars the buyer wanted to buy. In fact, the buyer knew the name of the true owner of the cars. The cars were delivered to the buyer and payment was made before any documents of title were transferred. (Since the cars were antiques, apparently, this Court did not address the question of whether or not the motor vehicle code had been complied with.) This Court ruled that the trial judge erred in granting summary judgment against the buyer because the question of whether or not the buyer had notice inconsistent with his status as a good faith purchaser was an issue "which cannot be resolved on summary judgment". *Id.,* p 310. Because the test for good faith is subjective, whether or not defendants had actual or constructive notice that Brook did not own the car through their previous dealings with him is a jury question.

Reversed and remanded.