AUTO-OWNERS INSURANCE COMPANY v ELLEGOOD

Docket No. 83722. Submitted January 15, 1986, at Detroit.—Decided March 4, 1986.

After sustaining injury in an accident while he was riding an uninsured motorcycle, defendant, Gerald M. Ellegood, filed a demand for arbitration with the American Arbitration Association against plaintiff, Auto-Owners Insurance Company, claiming that he was entitled to uninsured motorist benefits under an insurance policy issued by plaintiff to defendant's father. Plaintiff filed an action for declaratory judgment in the Wayne Circuit Court seeking a declaration that defendant was not covered under his father's insurance policy and therefore not entitled to uninsured motorist benefits. Defendant moved for summary judgment contending that a motorcycle is not a motor vehicle under the no-fault act and therefore the owned motor vehicle exclusion of his father's insurance policy did not apply. Plaintiff thereafter moved for summary judgment arguing that defendant was riding a motor vehicle which he owned thereby making the owned motor vehicle exclusion applicable. The circuit court, Thomas J. Foley, J., ruled in plaintiff's favor and granted its request for a stay of the arbitration proceedings. Defendant appealed. *Held:*

The trial court correctly ruled in favor of plaintiff. Despite the conflicting statutory definitions of "motor vehicle" and "motorcycle", the term "motor vehicle" unambiguously includes a motorcycle for purposes of construing provisions of the insurance policy in this case.

Affirmed.

1. INSURANCE — JUDICIAL CONSTRUCTION.

Insurance policies must be construed in accord with the ordinary and popular sense of the language used therein and, when drafted by the insurer, must also be construed in favor of the insured in order to uphold coverage.

REFERENCES

Am Jur 2d, Insurance §§ 258, 269 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Insurance § 11; Contracts § 2.

2. Insurance — Policy Limits.

> An insurer has a duty to clearly express the limitations in its
> policy in order that those limitations may be given full effect.

*Joselyn, Rowe, Grinnan, Hayes & Feldman, P.C.*
(by *Edward V. Keelean,* for plaintiff.

*Fred S. Findling,* for defendant.

Before: Hood, P.J., and J. H. Gillis and J. M.
Batzer,* JJ.

Per Curiam. Defendant appeals as of right from
a circuit court order granting plaintiff's motion for
summary judgment pursuant to GCR 1963,
117.2(3).

On June 30, 1983, the defendant was injured by
an unknown hit-and-run driver while riding his
uninsured motorcycle. On December 12, 1983, de-
fendant filed a demand for arbitration with the
American Arbitration Association against plaintiff,
claiming entitlement to uninsured motorist bene-
fits under a policy of insurance issued by plaintiff
to defendant's father.

Plaintiff responded to the demand for arbitra-
tion by filing an action for declaratory judgment in
the circuit court on September 12, 1984, request-
ing a declaration that defendant was not covered
under his father's policy and thus not entitled to
uninsured motorist benefits. Defendant filed a mo-
tion for summary judgment, contending that a
motorcycle is not a "motor vehicle" under the no-
fault act and thus the owned motor vehicle exclu-
sion of his father's policy did not apply. Plaintiff
responded with its own affirmative request for
summary judgment based upon the argument that
defendant was riding on a motor vehicle which he
personally owned at the time of the accident,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

thereby bringing into application the owned motor vehicle exlusion contained in the policy. By an order dated February 26, 1985, the trial court ruled in favor of plaintiff and thus granted its request for a stay of the arbitration proceedings.

The issue presented in this appeal centers on the following provisions contained in the insurance policy issued to defendant's father, by which plaintiff agreed:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, and arising out of the ownership, maintenance or use of such uninsured motor vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount there, shall be made by agreement between the insured or such representative and the Company or, if they fail to agree, by arbitration.

\* \* \*

*"This coverage shall not apply:*

\* \* \*

"(e) to bodily injury to an insured sustained while in, upon, entering or alighting from any *motor vehicle* owned by the named insured, spouse or a relative of either who is a resident of the same household unless a premium charge for this coverage is shown in the Declarations for such vehicle." (Emphasis supplied.)

More specifically, the question we must decide is whether a motorcycle is a "motor vehicle", as that term is used in the plaintiff's insurance policy.

Defendant argues that because the term "motor vehicle" is not defined in the insurance policy, an ambiguity exists which should be construed in favor of the insured. Defendant also points to a section of the no-fault act which defines "motor

vehicle" as specifically excluding motorcycles. MCL 500.3101(2)(a); MSA 24.13101(2)(a).

Conversely, plaintiff contends that the absence of a definition in the insurance contract does not create an ambiguity because the construction of the term "motor vehicle" in its ordinary and popular sense clearly encompasses a motorcycle. Plaintiff also counters defendant's reliance on the no-fault act by citing § 33 of the Michigan Vehicle Code, which defines a motor vehicle, in part, as "every vehicle which is self propelled * * *". MCL 257.33; MSA 9.1833.

In resolving this issue, we are guided by the following rules of construction, as set out in *State Farm Mutual Automobile Ins Co v Ruuska,* 90 Mich App 767, 777; 282 NW2d 472 (1979):

"Insurance policies must be construed in accord with the ordinary and popular sense of the language used therein. *Michigan Mutual Liability Co v Mesner,* 2 Mich App 350, 353; 139 NW2d 913 (1966). Insurance policies drafted by the insurer must also be construed in favor of the insured to uphold coverage. *Shepard Marine Construction Co v Maryland Casualty Co,* 73 Mich App 62, 64; 250 NW2d 541 (1976). This same rule applies to exclusion provisions in the policy. *Kalmazoo Aviation, Inc v Royal Globe Ins Co,* 70 Mich App 267, 270; 245 NW2d 754 (1976). To be given full effect, an insurer has a duty to clearly express the limitations in its policy. *Francis v Scheper,* 326 Mich 441, 447-448; 40 NW2d 214 (1949), *Union Investment Co v Fidelity & Deposit Co of Maryland,* 549 F2d 1107, 1110 (CA 6, 1977), and *Ornamental Iron & Stair Co v General Accident & Life Assurance Corp, Ltd,* 68 Mich App 259, 263; 242 NW2d 544 (1976). A technical construction of policy language which would defeat a reasonable expectation of coverage is not favored. *Crowell v Federal Life & Casualty Co,* 397 Mich 614, 623; 247 NW2d 503 (1976)." *Ruuska, supra,* pp 777-778.

With these rules in mind, we find that the trial court correctly ruled in favor of plaintiff. Despite the conflicting definitions contained in MCL 500.3101(2)(c); MSA 24.13101(2)(c) and MCL 257.33; MSA 9.1833, we believe that in its ordinary and popular sense, as well as in technical meaning, the term "motor vehicle" unambiguously includes a motorcycle. For example, Webster's Third New International Dictionary (G. C. Merriam Co, 1961), p 1476, defines motor vehicle simply as "an automotive vehicle not operated on rails * * *", while a motorcycle is "a 2-wheeled tandem automotive vehicle having 1 or 2 riding saddles and sometimes having a 3d wheel for the support of a sidecar". As can be seen, despite its main distinguishing feature of utilizing two rather than four wheels, a motorcycle nonetheless fits squarely within the technical definition of a motor vehicle.

While the definition contained in the no-fault act most definitely lends credence to the defendant's position, we are not convinced that an otherwise unambiguous term should lose its definite meaning simply because the Legislature has determined, for whatever reason, that under the no-fault act the term "motor vehicle" should include only those vehicles which utilize more than two wheels. Actually, the very fact that the Legislature saw a need to specifically exclude motorcycles from the definition of motor vehicle under the no-fault act implies that the Legislature recognized that, in its popular and ordinary sense, "motor vehicle" does encompass motorcycles. We therefore conclude that the trial court ruled properly in granting plaintiff's motion for summary judgment.

Affirmed.