ZIEGLER v GOODRICH

Docket No. 85313. Submitted August 11, 1986, at Lansing. Decided August 13, 1987. Leave to appeal applied for.

Richard O. Ziegler was injured when the motorcycle on which he was riding collided with a vehicle operated by Dwight O. Goodrich. The Goodrich vehicle was uninsured and Ziegler's motorcycle was insured under a policy that provided only third-party coverage. Ziegler sought benefits under the uninsured motorist coverage of a no-fault policy issued by the Farm Bureau Insurance Group to Ziegler's mother on the basis that he was an insured under that policy by virtue of living with his mother. Farm Bureau paid medical and other necessary expenses under the personal injury provisions of the policy, but denied coverage under the uninsured motorist provision on the basis of the owned-vehicle exclusion in the policy. The policy in question provided that the policy did not apply "to bodily injury to the insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative" and defined "automobile" as a "land motor vehicle." Ziegler commenced in Eaton Circuit Court an action for damages against Goodrich and, upon denial of coverage under the uninsured motorist provision, Farm Bureau. Plaintiff moved for summary judgment on the basis that the owned-vehicle exclusion was invalid and unenforceable, and Farm Bureau moved for summary judgment on the basis that the policy did not provide coverage to plaintiff for the accident. The trial court, Hudson E. Deming, J., granted plaintiff's motion, holding that plaintiff was covered under the policy because his motorcycle was not an automobile under the owned-vehicle exclusion of the policy. Defendant Farm Bureau appealed.

The Court of Appeals *held:*

The policy clearly defined the term automobile as being a

REFERENCES

Am Jur 2d, Automobile Insurance §§ 231, 315.

What constitutes "automobile" for purposes of uninsured motorist provisions. 65 ALR3d 851.

"Vehicle" or "land vehicle" within meaning of insurance policy provision defining risks covered or excepted. 65 ALR3d 824.

land motor vehicle designed to be used principally upon public roads. A motorcycle is thus an automobile within the meaning of the owned-vehicle exclusion. Such exclusions are valid and not contrary to public policy where, as here, they are clear and unambiguous.

Reversed and remanded.

INSURANCE — NO-FAULT — EXCLUSIONS — OWNED VEHICLE — AUTO-MOBILES — MOTORCYCLES.

A motorcycle falls within an owned-vehicle exclusion of a no-fault policy which excludes coverage for injuries incurred while occupying an automobile, other than the insured automobile, which is owned by the insured or a relative and where the policy defines the term automobile as being a land motor vehicle designed to be used principally upon public roads; owned-vehicle exclusions which unambiguously exclude coverage for injuries incurred while operating an uninsured vehicle owned by an insured are valid and not contrary to public policy.

*Brussow & Krause, P.C. (by Franklin R. Brussow),* for plaintiff.

*Fitzgerald, Hodgman, Rutledge, Crawthorne, King & Manion, P.C. (by Elmer L. Roller),* and *Willingham, Coté, Hanslovsky, Griffith & Foresman, P.C. (by Curtis R. Hadley* and *John A. Yeager),* for Farm Bureau Insurance Group.

Before: DANHOF, C.J., and SHEPHERD and D. L. HOBSON,* JJ.

PER CURIAM. Defendant Farm Bureau Insurance Group appeals as of right from a circuit court order granting plaintiff's motion for summary judgment.

On October 7, 1983, plaintiff was injured when the motorcycle he was riding collided with a vehicle driven by defendant Dwight Goodrich. The Goodrich vehicle was uninsured, and plaintiff's

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

vehicle was insured under a policy providing compensation for bodily injury and property damage sustained by other persons and his passengers. Plaintiff filed a claim with defendant Farm Bureau Insurance Group for benefits under the uninsured motorist's provision of a policy of insurance issued by Farm Bureau to plaintiff's mother. Plaintiff lived with his mother and was thereby covered as an insured under her family-protection policy.

Farm Bureau paid medical expenses and necessary services under the no-fault personal injury section of the policy, but denied coverage under · the uninsured motorist provision based on the owned-vehicle exclusion. The owned-vehicle exclusion provided that the policy did not apply "to the bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative . . . ." Farm Bureau claimed that plaintiff's motorcycle was an uninsured motor vehicle that he owned, and thus plaintiff was not entitled to recover benefits under his mother's policy. Based on this denial of coverage, Farm Bureau was added as a defendant in the negligence action already pending between plaintiff and defendant Goodrich as a result of the accident.

Plaintiff moved for summary judgment based on GCR 1963, 117.2(1) and (3), now MCR 2.116(C), alleging that the owned-vehicle exclusion was invalid and unenforceable. Farm Bureau also moved for summary judgment claiming that the policy did not provide coverage to plaintiff for the accident. The trial court granted plaintiff's motion, finding that plaintiff was covered under the policy because a motorcycle was not an "automobile" under the owned-vehicle exclusion. Defendant Farm Bureau appeals as of right from the trial

court's grant of summary judgment in favor of plaintiff.

First, defendant argues that the trial court erred in finding that the motorcycle was not an automobile within the owned-vehicle exclusion. We agree and reverse.

The term automobile is broadly defined in the policy as a "land motor vehicle" designed to be used principally upon public roads. In addition, in *Auto-Owners Ins Co v Ellegood,* 149 Mich App 673, 677; 386 NW2d 640 (1986), this Court found that in both the ordinary and technical sense the term "motor vehicle" unambiguously includes a motorcycle. In *Ellegood,* the trial court granted summary judgment in favor of the insurance company on facts remarkably similar to those in the instant case. Ellegood was injured by a hit-and-run driver while riding his motorcycle. He claimed coverage under his father's uninsured motorist policy. This Court affirmed the trial court's grant of summary judgment in favor of the insurance company, finding that the owned-vehicle exclusion applied to Ellegood's motorcycle.

In the instant case, as in *Ellegood,* we conclude that plaintiff's motorcycle is an automobile within the owned-vehicle exclusion. Further, because the owned-vehicle exclusion is clearly and unambiguously worded, it is valid and enforceable and does not violate public policy. See *Powers v Detroit Automobile Inter-Ins Exchange,* 427 Mich 602, 615-616; 398 NW2d 411 (1986); *Detroit Automobile Inter-Ins Exchange v Gavin,* 416 Mich 407, 419; 331 NW2d 418 (1982); *Zamani v Auto Club Ins Ass'n,* 124 Mich App 29; 333 NW2d 373 (1983). Therefore, the trial court erred in granting summary judgment in favor of plaintiff.

The trial court's order granting summary judgment in favor of plaintiff is reversed and the case

is remanded to the circuit court for entry of summary disposition in favor of defendant Farm Bureau. No costs. Defendant Farm Bureau's motion for peremptory reversal is denied.