SHANK v KURKA

Docket No. 102570. Submitted June 21, 1988, at Lansing. Decided October 28, 1988.

Jeffrey Kurka transferred the title of a 1968 Buick from himself to Mark George. Although Kurka did not remove his license plates from the car and the certificate of title was never forwarded to the Secretary of State, Kurka signed the certificate of title and had it notarized prior to giving it to George. Approximately one month later, while Kurka's own car, a 1974 Plymouth, was inoperable due to a faulty transmission, Kurka borrowed the 1968 Buick from George. While driving the Buick, Kurka struck another automobile driven by Kay Shank. Shank was killed in the accident and plaintiff, Katherine Shank, personal representative of the estate of Kay Shank, deceased, filed a wrongful death action against Kurka and was awarded $500,000 in damages. The judgment was satisfied in part by Kurka's and George's insurance companies. Plaintiff then instituted garnishment proceedings in the Clinton Circuit Court against Transamerica Insurance Company, which insured Kurka's father, and Auto-Owners Insurance Company, which insured Kurka's grandmother and uncle. Kurka resided in the same household with his grandmother, father and uncle at the time of the accident. The circuit court, Timothy M. Green, J., granted summary disposition to Transamerica and Auto-Owners because the provisions of the policies issued to Kurka's grandmother, father and uncle excluded Kurka from residual liability coverage. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court properly granted summary disposition to the garnishee defendants.

2. Kurka did not own the 1968 Buick at the time the accident occurred. Kurka was not covered by the provisions of the

REFERENCES

Am Jur 2d, Automobile Insurance §§ 225-228; Automobiles and Highway Traffic §§ 38 *et seq.*

What constitutes ownership of automobile within meaning of automobile insurance owner's policy. 36 ALR4th 7.

garnishee defendants' policies and the issue of his residency is irrelevant.

3. The owned vehicle exclusion clause in the insurance policies were clear and unambiguous. They plainly state that coverage was not extended under the circumstances presented.

Affirmed.

1. AUTOMOBILES — SALES — CERTIFICATES OF TITLE.

Title to a motor vehicle passes upon delivery of a properly executed assignment of the certificate of title, notwithstanding any delay in forwarding the certificate of title to the Secretary of State.

2. INSURANCE — EXCLUSIONS — OWNED VEHICLE.

Owned vehicle exclusion clauses are valid in motor vehicle insurance policies as long as they are clear and unambiguous, are not against public policy, and employ easily understood terms and plain language.

*John D. Nickola,* for plaintiff.

*Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C.* (by *Charles A. Nelson* and *Joseph L. Rooney, Jr.*), for Transamerica Insurance Company.

*Law Offices of Richard A. Shulaw, P.C.* (by *Richard A. Shulaw* and *Timothy D. Reeves*), for Auto-Owners Insurance Company.

Before: WAHLS, P.J., and HOOD and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiff appeals as of right a Clinton Circuit Court order granting garnishee defendants' motion for summary disposition pursuant to MCR 2.116(C)(10). The trial court granted summary disposition on the ground that, under the terms of the policies issued by garnishee defendants, no coverage existed that would make garnishee defendants liable to plaintiff.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

This dispute arises out of a March 29, 1980, car accident in which Kay Shank was killed when her car was struck from behind by a 1968 Buick driven by defendant Jeffrey Kurka. Kurka's own car, a 1974 Plymouth, was inoperable due to a faulty transmission, and he borrowed the 1968 Buick from his friend Mark George prior to the accident. Kurka had transferred the title of the 1968 Buick to George approximately one month before the accident.

Plaintiff, as personal representative of the estate of the deceased, filed a wrongful death action against Kurka and was awarded $500,000 in damages. The resulting judgment was satisfied in part by Kurka's and George's insurance companies. Unable to collect the $380,000 balance of the judgment from Kurka, plaintiff instituted garnishment proceedings against Transamerica Insurance Company, which insured Kurka's father, and Auto-Owners Insurance Company, which insured Kurka's grandmother and uncle. Although there is a serious question concerning where Kurka intended to make his permanent residence, at the time of the accident he resided in the same household with his grandmother, father and uncle.

The sole issue on appeal is whether the trial court erred in granting summary disposition to garnishee defendants because the provisions of the policies garnishee defendants issued to Kurka's grandmother, father and uncle excluded Kurka from residual liability coverage. We find that no error occurred.

Plaintiff argues that, although Kurka was not a named insured under the policies garnishee defendants issued to Kurka's relatives, those policies extended coverage to Kurka under the substitute vehicle provisions of those policies as well as under the "use of other automobiles" provision of Trans-

america's policy and the "drive other cars" provision of the Auto-Owners policy. In this regard, plaintiff claims that the policies are ambiguous and require technical construction, are contrary to Kurka's reasonable expectations, and that Kurka resided in the same household as his relatives and was driving a car he did not own on the day of the accident. Garnishee defendants, on the other hand, argue that the policy language clearly excludes Kurka from coverage, that Kurka did not reside in the same household with his relatives, and that Kurka remained part owner of the 1968 Buick involved in the accident because he did not properly transfer title to George.

We first note that Kurka did not own the 1968 Buick at the time the accident occurred. Although Kurka never removed his license plates from the 1968 Buick and the certificate of title was never forwarded to the Secretary of State, Kurka signed the certificate of title and had it notarized prior to giving it to George. Notwithstanding any delay in forwarding the certificate of title to the Secretary of State, title to a motor vehicle passes upon delivery of a properly executed assignment of certificate of title. *Fleckenstein v Citizens' Mutual Automobile Ins Co,* 326 Mich 591, 596; 40 NW2d 733 (1950); *Albanys v Mid-Century Ins Co,* 91 Mich App 41, 44; 282 NW2d 11 (1979), rev'd on other grounds 407 Mich 925 (1979). That George's name did not appear on the certificate of title at the time of the accident is not dispositive. *Karibian v Paletta,* 122 Mich App 353, 357-358; 332 NW2d 484 (1983). However, there is no dispute that at the time of the accident Kurka owned a 1974 Plymouth. Therefore, Kurka was not covered by the provisions of garnishee defendants' policies, and the issue of his residency is irrelevant.

The substitute vehicle provisions of garnishee

defendants' policies clearly indicate that they apply only to the named insured or insured spouse, and that only vehicles used as substitutes for the vehicles named in the policies are covered. Kurka was neither named as an insured on any of the policies nor was his 1974 Plymouth listed as an insured vehicle. The 1968 Buick, owned by George, which Kurka was driving at the time of the accident was clearly not being used as a substitute for any of the vehicles insured under any of garnishee defendants' policies, but, rather, was being used as a substitute for Kurka's 1974 Plymouth.

Nor does Kurka fall under the provisions of garnishee defendants' policies involving the use or driving of other automobiles. In this regard, coverage is extended to family members who reside with the insured, or the insured's spouse, but coverage is clearly excluded where such a family member owns an automobile himself. It is undisputed that Kurka owned a 1974 Plymouth which Kurka intended to repair as soon as he gathered enough money for a new transmission.

Owned vehicle exclusion clauses are valid as long as they are clear and unambiguous, are not against public policy, and employ easily understood terms and plain language. *Powers v Detroit Automobile Inter-Ins Exchange,* 427 Mich 602, 615-616; 398 NW2d 411 (1986); *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355, 362; 314 NW2d 440 (1982); *Automobile Club Ins Ass'n v Page,* 162 Mich App 664, 668; 413 NW2d 472 (1987); *Ziegler v Goodrich,* 163 Mich App 656, 659; 415 NW2d 4 (1987). We find that the exclusions in question were clear and unambiguous and plainly stated that coverage was not extended under the circumstances presented.

Accordingly, the trial court properly granted

summary disposition to garnishee defendants. *Morganroth v Whitall,* 161 Mich App 785, 788; 411 NW2d 859 (1987).

Affirmed.