89 F.3d 837
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
VIVIANO WINE IMPORTERS, INC., Plaintiff-Appellant,
v.
BROWN-FORMAN CORPORATION dba Brown-Forman Beverage Company,
Wine Division, Defendant-Appellee.
 No. 94-1831.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1996.
 
 Before: NELSON, BATCHELDER, Circuit Judges, and McKEAGUE, District Judge*.
 PER CURIAM.
 
 
 1
 In this diversity action, we are asked to decide whether Brown-Forman Corporation ("B-F") lawfully terminated a long-standing distribution agreement with Viviano Wine Importers, Inc. ("Viviano"). Our resolution of this case turns on whether B-F complied with the requirements of the Michigan Liquor Control Act ("the Act"), M.C.L.A. § 436.30 et seq. (West.1995),[1] which, among other things, governs the relationship between wholesalers and suppliers of wine.
 
 
 2
 After a bench trial, the district court held that B-F's actions satisfied the requirements of the Act. We AFFIRM.
 
 I.
 
 3
 B-F, a Delaware Corporation with principal offices in Kentucky, is the national distributor for Korbel Champagne. Viviano, a Michigan corporation, enjoyed the exclusive right to sell Korbel Champagne to retailers in Michigan from May 1969 until some time in mid-1984, when B-F designated other wholesalers as Korbel distributors. In 1985, Viviano entered into a distributor contract with B-F ("the 1985 contract"). At the time it entered into the contract, Viviano knew that the contract was non-exclusive and that B-F had already designated other Korbel distributors in Michigan. Viviano also knew that it was responsible under the contract to distribute Korbel throughout the entire state of Michigan.
 
 
 4
 After the parties signed the 1985 contract, changes in B-F management resulted in growing pressure on Viviano to help B-F increase the market share of Korbel Champagne. Viviano and B-F conducted a series of meetings which ultimately led to a letter dated February 26, 1992, written by Kenneth A. Blount, Vice President of the B-F Wine Division, to the President of Viviano, Norman G. Viviano. In this letter, Blount detailed various deficiencies that B-F perceived in Viviano's conduct as a distributer. It cited various provisions of the 1985 contract between the parties and explained that, as part of a performance improvement plan, it was going to require that Viviano cure the deficiencies in its distribution pursuant to the 1985 contract and satisfy all of the terms of that contract. In the letter, Blount invoked the Act, and explained that B-F intended to terminate Viviano if its performance did not improve according to the terms contained in the letter, including the statutorily required time-frame for improvement.
 
 
 5
 Following considerable correspondence and wrangling between the parties, B-F terminated its relationship with Viviano, effective August 29, 1992 (fifteen days from the date of notice served in the letter). Viviano subsequently brought suit, claiming that its termination was unlawful. B-F prevailed in the court below, and Viviano now brings this timely appeal.
 
 II.
 
 6
 Michigan courts have considered questions of good faith, reasonableness, good cause, and notice as factual determinations to be made by the trier of fact. Karibian v. Paletta, 332 N.W.2d 484, 487 (Mich.Ct.App.1983) (notice and good faith are questions of fact); Device Trading, Ltd. v. The Viking Corp, 307 N.W.2d 362, 366 (Mich.Ct.App.1981) (reasonableness is a question of fact). Federal courts have done the same. Safeco Ins. Co. v. City of White House, Tenn., 36 F.3d 540, 548 (6th Cir.1994) (good faith is a question of fact); Eastern Coal Corp. v. McNally Pittsburg Mfg. Corp., 274 F.2d 157, 158-59 (6th Cir.1960) (reasonableness is a question of fact). We review a trier of fact's factual determinations for clear error, but review the district court's interpretation of the Act--a question of law--de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991) (review of a district court's interpretation of a state statute is de novo ).
 
 
 7
 After a full hearing on the merits, the district court found that B-F had complied with the letter of the Act, both as a matter of fact and as a matter of law, in terminating its contractual relationship with Viviano. We have reviewed the extensive record in this case, and have given due consideration to the district court's rulings (both express and implied), the terms of the Act, the contractual agreements (and modifications) between the parties, as well as the parties' respective arguments on appeal. Viviano has done nothing to persuade us that any of its assignments of error requires reversal of the district court's disposition of this case. We, therefore, AFFIRM the district court's conclusion that B-F complied with the letter of the Act, and that it did not act unlawfully in taking the actions it did in respect of its contractual relationship with Viviano.
 
 
 
 *
 The Honorable David W. McKeague, District Judge United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 According to the district court, the parties stipulated that Viviano's claims are based on 1984 PA 159 (Franchise Act). Neither party disavows this stipulation and we, therefore, have no occasion to consider its propriety