### ENDRES v. MARA-RICKENBACKER CO.

1. MOTOR VEHICLES—AUTOMOBILES—NEGLIGENCE—DEALER LOANING LICENSE PLATES NOT LIABLE FOR NEGLIGENCE OF CAR OWNER.
   That an automobile dealer illegally loaned license plates to an automobile owner would not render the dealer liable for damages caused by the negligence of the owner in driving it, since the illegal act had no causal relation to the accident.

2. SAME—DEALER OWNING CAR LIABLE FOR NEGLIGENCE OF DRIVER.
   Under Act No. 287, Pub. Acts 1925, § 11, an automobile dealer, owning an automobile and loaning license plates to prospective purchaser for the purpose of using it, would be liable for the negligence of the latter in driving it for "sale or demonstration purposes."

3. STATUTES—WHEN CONTRACTS IN VIOLATION OF STATUTE VOID.
   Generally, where statutes enacted to protect the public against fraud or imposition, or to safeguard the public health or morals, contain a prohibition and impose a penalty, all contracts in violation thereof are void.

4. MOTOR VEHICLES — STATUTES — SALE OF CAR WITHOUT DELIVERING CERTIFICATE OF TITLE VOID.
   In view of the purpose and language of Act No. 46, Pub.

On liability of one who lends an automobile license plate to another, see annotation in 26 A. L. R. 1246.

Acts 1921, especially section 4, making it a crime to sell an automobile without delivering an assigned certificate of title thereto, as required by section 3 of said act, as amended by Act No. 16, Pub. Acts 1923, a sale or transfer in violation of said act is void, although not expressly so provided therein.

5. SAME—DEALER LIABLE FOR NEGLIGENCE OF BUYER WHERE CERTIFICATE OF TITLE NOT DELIVERED.

An automobile dealer who sold a car, loaned license plates, and delivered possession to the buyer without delivering a certificate of title as required by Act No. 16, Pub. Acts 1923, amending Act No. 46, Pub. Acts 1921, is liable as owner, under Act No. 287, Pub. Acts 1925, § 11, for the negligence of the buyer in driving the car, since the sale was void.

Error to Kent; Perkins (Willis B.), J.    Submitted April 10, 1928.    (Docket No. 96, Calendar No. 33,590.) Decided June 4, 1928.

Case in justice's court by John J. Endres against the Mara-Rickenbacker Company and others for damage to plaintiff's automobile.    There was judgment for plaintiff, and defendants appealed to the circuit court. Judgment for plaintiff, defendant company brings error.    Affirmed.

*J. T. & T. F. McAllister*, for appellant.

*Cornelius Hoffius* and *Dorr Kuizema*, for appellee.

CLARK, J.    Defendant Mara-Rickenbacker Company, a corporation dealing in second-hand automobiles, acquired by purchase an automobile registered in Ohio. On August 25, 1926, the defendant dealer sold the car to defendant Pushkin, who paid for it and accepted delivery.    Pending receipt of certificate of title and of registration in this State, and that Pushkin might use the car, the dealer loaned him a set of its license

plates which were put on the car.    On August 27, 1926, while Pushkin was driving the car, having on it license plates of the dealer, it collided with plaintiff's car to plaintiff's damage, which was caused by Pushkin's negligence.    The declaration, as amended, may be said to be against both of the above defendants.    The dealer alone defended.    Tried without a jury, there were findings and judgment for plaintiff, and defendant dealer brings error.

Plaintiff contends that although the defendants made a bargain, the price was paid and accepted, and the car was taken and delivered, there was no sale, because certificate of title had not passed; that the car still was owned by the dealer, who, therefore, was liable, having consented to Pushkin's driving it for "sale or demonstration purposes;" citing section 11, Act No. 287, Pub. Acts 1925.

Appellant urges that there was a sale, that Pushkin was the owner of the car at the time of the accident, and that the use, though illegal, of the dealer's license plates, had no causal relation to the accident, and that it, therefore, is not liable.    If Pushkin was the owner of the car at the time of the accident, the dealer is not liable here for the reason that its license plates, loaned to and used by Pushkin, neither caused nor contributed to cause the accident, had no causal relation to it. *Spencer* v. *Phillips & Taylor*, 219 Mich. 353; *Beebe* v. *Hannett*, 224 Mich. 88; *Janik* v. *Ford Motor Co.*, 180 Mich. 557 (52 L. R. A. [N. S.] 294).    This rule is supported by the great weight of authority.    16 A. L. R. 1108, note, and 35 A. L. R. 62, note.

If the dealer owned the car at the time in question, it follows on the facts here that it consented to Pushkin's driving it, and therefore, under a statute of this State, the dealer is liable.    Act No. 287, Pub. Acts 1925, § 29.

The decisive question is, Which of the defendants

owned the car?    Is the sale void for the dealer's violation of the statute (section 3, Act No. 46, Pub. Acts 1921, as amended by Act No. 16, Pub. Acts 1923) in failing to deliver to Pushkin

"an affidavit of conveyance or assignment in such form as the secretary of State shall prescribe, to which shall be attached the assigned certificate of title received by such dealer."

By section 4 of Act No. 46, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 4832 [15]), it was a crime punishable by fine or imprisonment or both to sell a motor vehicle without complying with the provisions of section 3 above quoted from.    The legislature provided penalty for such violation, fine or imprisonment or both.    It did not expressly provide that the sale or transfer without such compliance be void or fraudulent.    If the courts are to add such penalty, further than that specifically given by the legislature, it must clearly appear from the statute that the legislature so intended.    See *Dunlop* v. *Mercer,* 156 Fed. 545, and 13 C. J. p. 422.

Among other things, the title of Act No. 46, Pub. Acts 1921, declares its purpose "to regulate purchase and sale or other transfer of ownership" and "to facilitate the recovery of motor vehicles  *  *  * stolen."    The act is designed to discourage and to prevent stealing of automobiles, to protect the public against crime.    It states definitely a rule of sale or transfer of automobiles, and it provides the stated penalty for violation thereof.    In *Cashin* v. *Pliter,* 168 Mich. 386 (Ann. Cas. 1913C, 697), it was said:

"The general rule is well settled that, where statutes enacted to protect the public against fraud or imposition, or to safeguard the public health or morals, contain a prohibition and impose a penalty, all contracts in violation thereof are void."

See, also, *Edward* v. *Ioor,* 205 Mich. 617 (15 A. L. R. 256), and cases cited.

In view of the purpose and language of the statute, we think it was the intent of the legislature that a sale or transfer of an automobile in violation of the provisions of the act should be void.    It follows that in the case at bar there was not a sale to Pushkin, that as between him and the dealer, the dealer was the owner of the car (which ownership on this record the dealer may not question), that it was being driven with consent of the dealer at the time of the accident, and that it is liable.

Judgment affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, McDON-ALD, POTTER, and SHARPE, JJ., concurred.