PETERS *v.* YOUNGBLOOD.

1. AUTOMOBILES—NONRESIDENTS—OWNERSHIP OF CAR IN TRANSIT—DEALER PLATES.

In action against Iowa automobile dealer who had brought about the purchase by an Iowan of a car with special attachments with delivery to be made in this State, which delivery was effected and Iowa driveaway plates, issued to Iowa dealer, were attached to car, dealer *held,* not an owner subject to liability for damages to plaintiff's truck with which automobile collided while being driven by the purchaser who was killed.

2. APPEAL AND ERROR—CROSS-ACTION—NEW TRIAL.

No new trial is granted where defendant appealed from judgment for plaintiff in automobile accident case but failed to appeal from adverse judgment on his cross-action against plaintiff and judgment for plaintiff is reversed on ground defendant was not owner of car which was being driven by another person.

Appeal from Hillsdale; Taylor (Mark D.), J. Submitted October 6, 1938. (Docket No. 68, Calendar No. 40,231.) Decided December 22, 1938.

Case by Ben A. Peters against Howard A. Youngblood for damage sustained to truck in a motor vehicle collision. Cross-declaration by defendant against plaintiff for damages for personal injuries. Judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*C. A. Mitts, Jr.,* and *Karl F. Zick,* for plaintiff.

*Grommon & Huggett,* for defendant.

WIEST, C. J.   July 17, 1935, on a highway near Somerset Center, in this State, there was a head-on collision between plaintiff's truck and an automobile operated by Mr. C. C. Griswold, a resident of the State of Iowa. For damages to the truck plaintiff brought this suit against defendant Howard A. Youngblood on the alleged ground that he was the owner of the automobile. Mr. Youngblood, who was riding in the automobile and was seriously injured, in answering the declaration included a cross-action against plaintiff to recover damages for such injuries.

The issues, involving ownership of the automobile and negligence occasioning the collision, came to trial before the court without a jury and plaintiff had judgment. Defendant appeals and contends that the automobile was owned by Mr. Griswold who was operating it and, at the time of the collision, he was asleep on the back seat and, inasmuch as plaintiff's truck was on the wrong side of the road at the time of the collision, the accident was caused by plaintiff's negligence.

To this last claim plaintiff replied that the automobile approached the truck on the wrong side of the road and so continued until it was necessary for the driver of the truck to turn to the other side of the road and, because the automobile also turned to that side, the collision followed.

In awarding plaintiff judgment the trial judge found the truck driver free from negligence, and the appeal by defendant does not bring such holding to review.

The question then is whether the trial judge was in error in holding defendant the owner of the automobile.

Mr. Griswold was killed. Defendant was a dealer in new and used cars in the State of Iowa and brought about the purchase of a Chrysler car by Mr. Griswold, who was also a resident of that State, with delivery of the car to be made at the Chrysler Sales Corporation in the city of Detroit. Upon receiving notice that the car with special attachments would be ready for delivery on a specified day Mr. Griswold and Mr. Youngblood came to Detroit and, at the Chrysler Sales Corporation, Mr. Griswold complied with the form of his identity required of a purchaser, the company issued an ''In transit certificate,'' which was also signed by Mr. Griswold, as well as the release of sales order, and then the car was delivered to Mr. Griswold. At the same time Mr. Youngblood gave Mr. Griswold a certificate, under oath, of delivery of the car to him. Thereupon the driveaway plates, issued in Iowa to Mr. Youngblood as a dealer in cars, were attached to the car and the start for Iowa commenced. Mr. Youngblood drove the car for some distance and then Mr. Griswold took the wheel, and was driving at the time of the collision.

The trial judge, after stating: "The question of who had title to the Chrysler is in dispute," held "And under the law I find title thereto to rest in defendant. *Endres* v. *Mara-Rickenbacker Company,* 243 Mich. 5."

The instant case is wholly outside the setting upon which the law was applied in that case. In the case at bar the car, before sale by the manufacturer, was not required to be registered; the purchaser, a nonresident of the State, could not obtain from the vendor a certificate of registration nor could he, under the circumstances here disclosed, register the car. The statutory provision involved in the *Endres Case* relates to sales of registered cars, and its purpose is to maintain a true public record of title to cars licensed by the State.

The court was in error in holding defendant owner of the car and, therefore, liable to respond in damages.

No appeal having been taken by defendant from the adverse judgment on his cross-action, the judgment appealed from is reversed without a new trial, and with costs to defendant.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.