MESSER *v.* AVERILL

1. Automobiles—Automobile Dealers—Delivery of Vehicle—Duties—Transfer of Title—Statutes.

The subdivision of a section of the Motor Vehicle Code which only outlines in general the duties of a dealer selling or exchanging vehicles subject to registration after delivering a vehicle to a purchasr, in making various applications to the Secretary of State, does not provide when title to a vehicle passes (MCLA § 257.217[b]).

2. Automobiles—Ownership—Transfer of Title—Dealers—Statutes.

An automobile dealer is deemed an owner of an automobile under the Motor Vehicle Code where, at the time it was involved in an accident, the dealer had not complied with the statute providing for transfer of ownership, because the mandates of the statute must be strictly complied with (MCLA § 257.1 *et seq.*).

3. Automobiles—Transfer of Title—Statutes—Presumptions—Legislature.

The Uniform Commercial Code does not govern the means by which automobile ownership is transferred because a special act must be taken as an exception to a general act which, if standing alone, would include the same matter and conflict with the special act especially when the general and special acts are contemporaneous, for it is not presumed that the legislature intended a conflict (MCLA § 440.2401[2]).

Complaint from Kent, John H. Vander Wal, J. Submitted Division 3, December 3, 1969, at Grand Rapids. (Docket No. 6,367.) Decided November 27, 1970. Leave to appeal denied February 18, 1971. 384 Mich 808.

Reference for Points in Headnotes
[1-3] 7 Am Jur 2d, Automobiles and Highway Traffic § 23 *et seq.*

Complaint by Gene Messer and Dianna Messer against Donald Gerald Averill and Rolland De-Ridder, doing business as Quality Used Cars, for damages for injuries received in an automobile accident. Defendant DeRidder's motion for summary judgment denied. Defendant DeRidder appeals. Affirmed.

*Rhoades, McKee & Boer* (*Jeremy J. Hickman,* of counsel), for plaintiffs.

*Smith, Haughey & Rice* (by *Thomas F. Blackwell*), for defendant Averill.

*Luyendyk, Hainer, Karr & Edens* (by *Norman K. Kravitz*), for defendant DeRidder.

Before: J. H. GILLIS, P. J., and McGREGOR and QUINN, JJ.

McGREGOR, J. On June 8, 1966, defendant Averill sought to purchase a used car from defendant De-Ridder, doing business as Quality Used Cars. Arrangements were made with defendant DeRidder and his agent, George Dewey, whereby Averill traded his previous car to DeRidder as a down payment on the car. Additionally, DeRidder undertook to arrange automobile financing on Averill's behalf. DeRidder's efforts to obtain credit for Averill were generally unsuccessful for eight days subsequent to the alleged "sale."

On June 17, 1966, defendant Averill was involved in an auto accident with plaintiffs while driving the car obtained from DeRidder. Subsequent to being informed of this accident, DeRidder accepted financing from a bank whose terms he had earlier rejected. Once the financing was arranged, the application

for new title was made to the Secretary of State, on June 18, 1966.

In July, 1967, a complaint alleging negligence was filed in circuit court, predicating liability against Averill as the driver and DeRidder as owner.[1] In August, defendant DeRidder filed a motion for summary judgment on the grounds that there was no material issue of fact as to himself and that plaintiffs had failed to state a cause of action. DeRidder appeals the denial of this motion.

For purposes of our analysis, we shall assume defendant DeRidder's allegations are true. He asserts that prior to the accident, several events had transpired which constituted a transfer of ownership, pursuant to the Michigan Vehicle Code: (1) the subject automobile was sold and delivered to Averill; (2) a statement of sale of a motor vehicle and application for Michigan certificate of title for the automobile were completed and executed by Averill in the presence of a notary public, who certified Averill's signatures; (3) temporary registration permit was completed for the automobile and was delivered to Averill; (4) Averill executed the transfer of title form for his trade-in automobile; (5) a "registered dealer form" was completed for the reassignment of title of the subject automobile to Averill, was executed by DeRidder before a

---

[1] Pertinent provisions of the motor vehicle code are: " 'Owner' means: (a) Any person, firm, association or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period of greater than 30 days. (b) A person who holds the legal title of a vehicle * * * ." MCLA § 257.37 (Stat Ann 1968 Rev § 9.1837). "Every dealer selling or exchanging vehicles subject to registration shall within 15 days after delivering any such vehicle to the purchaser make application to the secretary of state for new title, if required, and transfer or secure registration plates and secure a certificate of registration for the vehicle, in the name of the purchaser." MCLA § 257.217b (Stat Ann 1970 Cum Supp § 9.1917[6][b]). "The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle * * * ." MCLA § 257.401 (Stat Ann 1968 Rev § 9.2101).

notary public, who certified DeRidder's signature. It is defendant DeRidder's claim that the sum total of his actions prior to June 17 was sufficient to constitute a transfer of ownership according to law. In any event, he argues, the application for title, one day subsequent to the accident, makes legal ownership pass, retroactive to the day of the alleged agreement for transfer.[2]

MCLA § 257.233(d) (Stat Ann 1968 Rev § 9.1933 [d]) provides for the transfer of ownership of a registered motor vehicle:

"The owner shall indorse on the back of the certificate of title an assignment thereof with warranty of title in the form printed thereon with a statement of all security interests in said vehicle or in any accessory thereon, sworn to before a notary public or some other person authorized by law to take acknowledgments, *and deliver or cause the same to be mailed or delivered to the department or the purchaser or transferee at the time of the delivery to him of such vehicle,* which shall show the payment or satisfaction of any security interest as shown on the original title." (Emphasis added.)

The defendant cites MCLA § 257.217(b) for the proposition that the dealer in the instant case had 15 days after delivering such vehicle to the purchaser to make application to the Secretary of State for a new title. He argues that, inasmuch as the 15 days had not elapsed when application was made, he was not the owner envisioned by the statute. This section does not provide when title passes, but only outlines in general the duties of the dealer in making the various applications to the Secretary of

---

[2] The word "owner" under the vehicle code obviously is not used in the sense of referring to persons whose title is good against all others, and under the code there may be several such owners. One or more persons may be liable as owners even though none of such owners possess all the normal incidents of ownership.

State. The dealer has the right to make application for new title, and in so doing, can terminate his potential liability under the owner's liability statute.

Inasmuch as it is undisputed that the dealer herein had not, at the time of the accident, complied with the statute providing for transfer of ownership, he is deemed an owner under the statute.

The mandates of the Michigan Vehicle Code must be followed and our Courts have been adamant in their refusal to sanction anything less than strict compliance.

"This Court has repeatedly held that transfer of title of an automobile cannot be effected without compliance with the statute. See *Bayer* v. *Jackson City Bank and Trust Company* (1952), 335 Mich 99, and prior decisions therein cited." *Drettmann* v. *Marchand* (1953), 337 Mich 1, 6.

The defendant asserts that the Uniform Commercial Code, MCLA § 440.2401(2) (Stat Ann 1964 Rev § 19.2401[2]) provides the means by which automobile ownership is transferred. In *Kelley* v. *Citizens Mutual Insurance Company* (1969), 19 Mich App 177, the Court therein used this statute, in the absence of any law under the motor vehicle code, to determine ownership as between a manufacturer and an automobile dealer. We find *Reed* v. *Secretary of State* (1950), 327 Mich 108, 113, quoting from *Heims* v. *School District No. 6 of Davison Township*, 253 Mich 248, to be particularly applicable:

" ' "That where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision, especially when such general and special acts

or provisions are contemporaneous, as the legislature cannot presume to have intended a conflict." ' "

The Uniform Commercial Code does not govern herein.

Affirmed.