ALBANYS v MID-CENTURY INSURANCE COMPANY

Docket No. 78-2701. Submitted April 17, 1979, at Detroit.—Decided
June 20, 1979. Leave to appeal applied for.

Plaintiff, Robert Albanys, by his guardian, Robert W. Albanys,
sued defendant, Mid-Century Insurance Company, in the
Wayne Circuit Court to recover no-fault personal protection
benefits. Plaintiff's daughter, with whom the plaintiff lived,
purchased a 1971 Oldsmobile from Thomas Slyfield and re-
ceived from him the car, the keys and the signed, notarized
title. However, the purchaser's name was not placed on the
transfer. Plaintiff intended to purchase the automobile from his
daughter and gave her $600 of the $1100 purchase price and
was to tender the balance on January 8, 1977. No assignment
of title was executed. On January 7, 1977, Ms. Albanys took the
license plates from a 1969 Pontiac, which was registered to her
deceased mother, and put them on the 1971 Oldsmobile. Plain-
tiff then drove the car and was involved in the accident because
of which he claims benefits. Plaintiff, at the time of the acci-
dent, was not a named insured on any no-fault policy, but his
daughter was a named insured on a policy issued by defendant
and covering a 1969 Plymouth. The trial court, Joseph A.
Moynihan, Jr., J., granted defendant's motion for summary
judgment. Plaintiff appeals. *Held:*

A person need not hold legal title to a vehicle to be an owner
of it under the vehicle code. Mr. Albanys was a conditional
vendee with an immediate right of possession, an "owner", and,
as such, was required to maintain no-fault insurance on the
vehicle, and, therefore, may not collect personal protection
benefits under his daughter's policy.

Affirmed.

1. AUTOMOBILES — STATUTES — "OWNERS" OF VEHICLES.

A person need not hold legal title to a vehicle to be an owner of it
under the vehicle code and a vehicle may be simultaneously

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobile and Highway Traffic § 603.
[2] 43 Am Jur 2d, Insurance § 1164.
   7 Am Jur 2d, Automobile Insurance § 220.

"owned" by more than one person; a person who tenders a down payment on a vehicle, who is to receive the title to the vehicle upon payment of the balance of the purchase price, and who has an immediate right or possession is an "owner" of the vehicle under the code (MCL 257.37; MSA 9.1837).

2. AUTOMOBILES — STATUTES — "OWNERS" OF VEHICLES.

An "owner", under the vehicle code, of a vehicle involved in an accident with respect to which the security required for the payment of personal protection insurance benefits was not in effect may not collect any personal protection insurance benefits for injuries sustained in the accident (MCL 508.3113; MSA 24.13113).

*Keane, Fellrath & Wendzel, P.C.,* for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.* (by *Thomas P. Rockwell),* for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Plaintiff sued to recover no-fault personal protection insurance benefits from the defendant after plaintiff was injured in an automobile accident. Defendant's motion for summary judgment was granted by opinion of June 15, 1978, after the trial judge determined that there was no insurance covering the vehicle driven by plaintiff. Plaintiff appeals by right and we affirm.

On January 5, 1977, Michele Albanys purchased a 1971 Oldsmobile from Thomas Slyfield. She received the car, its keys and the signed, notarized title from Mr. Slyfield. Ms. Albanys' name, as the car's purchaser, was not placed on the certificate of title. Ms. Albanys testified that she intended to sell the car to her father, the plaintiff, who was domiciled in her household. She received $600 of the $1100 purchase price from her father as a down payment for the car and was to receive the remaining $500 on January 8, 1977, but she never

executed an assignment of title to her father and did not deliver the title to him.

On January 7, 1977, Ms. Albanys took the license plates from a 1969 Pontiac, which was registered to her deceased mother, and put them on the 1971 Oldsmobile. That evening plaintiff drove the car and was involved in an accident. He had planned to purchase insurance for the car the next day.

At the time of the accident, plaintiff was not a named insured on any no-fault insurance policy. However, plaintiff's daughter was a named insured under a no-fault policy issued by defendant and covering a 1969 Plymouth. The Oldsmobile was not an insured vehicle under that policy, but plaintiff sought benefits under it because he was a relative of Ms. Albanys domiciled in her household.

The trial judge granted defendant's motion for summary judgment and concluded:

"The Plaintiff failed to provide insurance for the vehicle.

"The daughter Michelle [sic] had no contract of insurance with Defendant or anyone else to cover the 1971 Oldsmobile.

"If she was the owner, as she claims she is, she has failed to maintain security for payment of benefits under personal protection insurance.

"To hold otherwise would be tantamount to saying to the public, purchase one car, properly cover it with insurance and then go out and take title to all the vehicles you choose, don't inform your carrier of the added risks, let any number of members of your household drive the added vehicles with the assurance that if they are injured in an accident they will receive their lost wages, medical and dental expenses even though they may have caused the same.

"This Court cannot believe the Legislature intended

such a result from the language of the Act as cited by Plaintiff."

We agree with the trial judge's result, but rest our conclusion on different grounds. This, of course, does not affect the ultimate resolution of the case. See *Queen Ins Co v Hammond,* 374 Mich 655, 658-659; 132 NW2d 792 (1965).

At the outset, we find that Ms. Albanys became the owner of the Oldsmobile on January 5, 1977. Title passed when the certificate of title was properly endorsed and delivered to Ms. Albanys at the time she was in possession of the vehicle. MCL 257.233(d); MSA 9.1933(d), and see MCL 257.239; MSA 9.1939, *Kube v Neuenfeldt,* 353 Mich 74, 80; 90 NW2d 642 (1958), *Fleckenstein v Citizens' Mutual Automobile Ins Co,* 326 Mich 591; 40 NW2d 733 (1950). The inclusion of Ms. Albanys' name on the certificate of title was unnecessary.

MCL 257.233(d) reads:

"The owner shall indorse on the back of the certificate of title an assignment thereof with warranty of title in the form printed thereon with a statement of all security interests in said vehicle or in any accessory thereon, sworn to before a notary public or some other person authorized by law to take acknowledgments, and deliver or cause the same to be mailed or delivered to the department or to the purchaser or transferee at the time of the delivery to him of such vehicle, which shall show the payment or satisfaction of any security interest as shown on the original title."

The statute only requires an owner to 1) endorse the certificate of title and 2) deliver the certificate to the transferee. There is no requirement that the transferee's name be placed on the certificate.

Additionally, the purpose of the statute is "to discourage and to prevent the stealing of automo-

biles, to protect the public against crime". *Endres v Mara-Rickenbacker Co,* 243 Mich 5, 8; 219 NW 719 (1928). This objective is met by requiring that a signed, notarized title be delivered to a transferee in possession in order to transfer title. Requiring the transferee's name on the certificate of title would not further the statutory purpose. The notarized signature of the transferor sufficiently insures that the transferor intends to sell the vehicle involved.

Plaintiff also became an owner of the Oldsmobile before the accident occurred. MCL 257.37; MSA 9.1837 provides in relevant part:

" 'Owner' means

\* \* \*

"(b) A person who holds the legal title of a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner."

Thus, while as a general rule the owner of an automobile is the person in whose name the vehicle is registered with the Secretary of State and whose name is listed on the certificate of title, a person need not hold legal title to a vehicle to be an owner of it. *John v John,* 47 Mich App 413; 209 NW2d 536 (1973). Additionally, one or more persons may be the owner of a vehicle. *Messer v Averill,* 28 Mich App 62, 65, fn 2; 183 NW2d 802 (1970).

In the instant case, plaintiff was a conditional vendee owner of the Oldsmobile. A conditional sale

is defined as one in which the transfer of title is made to depend on the performance of a condition, usually the payment of the price. Black's Law Dictionary (4th ed), p 1504. Here, plaintiff had given his daughter $600 toward the purchase of the car and was to receive the certificate of title upon payment of an additional $500 on January 8, 1977. Plaintiff was, therefore, a conditional vendee. Further, plaintiff had an immediate right to possession at the time of the accident. Plaintiff was, therefore, an owner of the Oldsmobile at the time of the accident.

The cases cited by plaintiff, *Messer v Averill, supra,* and *Gazdecki v Cargill,* 28 Mich App 128; 183 NW2d 805 (1970), do not mandate a different conclusion. Those cases merely hold, under facts similar to those present here, that the transferor remains an owner of a vehicle. They do not state that the transferee is not an owner.

Having determined that plaintiff was an owner of the Oldsmobile at the time of the accident, it follows that he was required to maintain continuous security for payment of personal protection insurance benefits. See MCL 500.3101; MSA 24.13101, MCL 257.216; MSA 9.1916, MCL 257.33; MSA 9.1833. The penalty for failure to maintain this insurance is clear:

"A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

\* \* \*

"(b) The person was the owner or registrant of a motor vehicle involved in the accident with respect to which the security required by subsections (3) and (4) of section 3101 was not in effect." MCL 500.3113; MSA 24.13113.

Since plaintiff did not maintain the required insurance on the Oldsmobile involved in the accident, he cannot collect any personal protection insurance benefits.

This may seem like a harsh result, but the statute is plain. Additionally, plaintiff knew he had to purchase insurance for the Oldsmobile and originally intended to purchase insurance the day after the accident. Unfortunately, plaintiff did not have the required insurance at the time of the accident.

Affirmed. No costs, the interpretation of a statute being involved.