MICHIGAN MUTUAL AUTO INSURANCE COMPANY v REDDIG

Docket No. 63998. Submitted March 24, 1983, at Detroit.—Decided October 11, 1983. Leave to appeal applied for.

Uwe Reddig was killed when the automobile she was driving was struck by an uninsured automobile driven by Gregory Szymanski. Marlene Reddig, personal representative of the estate of Uwe Reddig, brought a wrongful death action against Szymanski and Michigan Mutual Auto Insurance Company, seeking to establish liability coverage for Szymanski on the basis of an insurance policy issued to George and Diane Baubie, relatives with whom Szymanski resided. The policy extended coverage to an insured using a non-owned automobile not furnished for the insured's regular use. Michigan Mutual then brought an action for declaratory relief, seeking a judicial determination of the availability of insurance coverage, naming as defendants Marlene Reddig, Szymanski, and Dennis Elwart. The dispute was whether Szymanski was the owner of the automobile. He had agreed to purchase the vehicle from Elwart and had paid a part of the purchase price. Elwart, however, was the registered owner and title holder at the time of the accident. The Oakland Circuit Court, George H. LaPlata, J., held that Szymanski was a conditional vendee and thus was the owner of the automobile, and granted summary judgment in favor of Michigan Mutual. Defendant Reddig appealed. *Held:*

The statute in effect at the time of the accident required the seller of an automobile to surrender the certificate of title, and a sale which did not include a transfer of the title was void. Therefore, in this case, the sale to Szymanski was void and Elwart remained the owner of the automobile. The trial court erred in ruling otherwise and in granting summary judgment.

Reversed and remanded.

MacKenzie, J., concurred in reversal on the basis that there are genuine disputes as to material facts regarding whether the automobile was furnished for Szymanski's regular use, whether

REFERENCES FOR POINTS IN HEADNOTES
[1] 7A Am Jur 2d, Automobiles and Highway Traffic § 31.
[2] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

he was driving it with permission, and whether he had an immediate right to possession. Where such factual disputes exist, summary judgment is precluded.

OPINION OF THE COURT

1. AUTOMOBILES — OWNERSHIP OF AUTOMOBILES — CERTIFICATE OF TITLE.

Under the former statute regarding the transfer of ownership of a motor vehicle, a sale of a vehicle which did not include a transfer of the certificate of title was void and, in such circumstances, the seller remained the owner (MCL 257.233[d]; MSA 9.1933[d]).

CONCURRENCE BY MACKENZIE, J.

2. JUDGMENTS — SUMMARY JUDGMENT — GENUINE ISSUE OF FACT.

A genuine issue to be decided at a trial by a trier of fact exists where the truth of the material factual assertion of a pleading depends on the credibility of a deponent, movant, or affiant and, under such circumstances, a motion for summary judgment should not be granted.

*Googasian, Hopkins & Forhan* (by *Stephen J. Hopkins*), for plaintiff.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *David K. Barnes, Jr.*), for defendant Reddig.

Before: R. M. MAHER, P.J., and MACKENZIE and M. B. BREIGHNER,* JJ.

PER CURIAM. Defendants appeal from the trial court's order granting plaintiff's motion for summary judgment pursuant to GCR 1963, 117.2(3).

On November 22, 1978, defendant Gregory Szymanski was driving a 1972 Chevrolet Nova, an uninsured car, when he collided with another vehicle, killing its driver, Uwe Reddig. Defendant Marlene Reddig, the personal representative of the estate of the deceased, brought a wrongful death

---

* Circuit judge, sitting on the Court of Appeals by assignment.

action against Szymanski and plaintiff. Plaintiff denied coverage and instituted this declaratory relief action.

Plaintiff had issued a policy of insurance to George Baubie and Diane Baubie which was in effect at the time of the accident. Szymanski is the brother of Diane Baubie and was a resident of the Baubies' household at the time of the accident. Marlene Reddig sought recovery under that policy pursuant to the following provisions:

"Persons Insured: The following are insured under Part I:

* * *

"(b) with respect to a non-owned automobile,

* * *

"(2) any relative, but only with respect to a private passenger automobile * * * provided his actual operation * * * is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission * * *

" 'non-owned automobile' means an automobile * * * not owned by or furnished for the regular use of either the named insured or a resident of the same household as the named insured * * *".

The dispute between the parties was whether Szymanski was the owner of the Nova. If he was, then he could not be afforded coverage under the "non-owned automobile" clause reproduced above. At the time of the accident, defendant Dennis Elwart was the registered owner and title holder of the Nova. However, Elwart and Szymanski had earlier agreed that Szymanski would purchase the vehicle from Elwart for $100. Szymanski had paid $60 on the purchase price and the car had been delivered to Szymanski's residence. Elwart, however, had not transferred the certificate of title to Szymanski

because he could not locate it. He had also not registered the sale with the Secretary of State.

On April 8, 1982, the trial court granted plaintiff's motion for summary judgment on the ground that Szymanski was a conditional vendee and thus the owner of the Nova under MCL 257.37; MSA 9.1837.[1]

Defendants contend that the trial court erred in granting the plaintiff's motion for summary judgment because, under the undisputed facts, Szymanski was not the owner of the Nova at the time of the accident inasmuch as Elwart had not yet delivered the certificate of title to Szymanski.

In *Endres v Mara-Rickenbacker Co,* 243 Mich 5; 219 NW 719 (1928), the Court considered whether a person who purchased a vehicle without receiving the certificate of title was the owner of that vehicle. The Court noted that the motor vehicle laws, as then written, required that the seller of a motor vehicle deliver the certificate of title to the purchaser and further provided for criminal punishment for anyone who failed to meet that requirement. The Court pointed out that the purpose of the statute containing those provisions was to "discourage and to prevent stealing of automobiles, to protect the public against crime". 243 Mich 8. It then cited the general rule that,

" 'where statutes enacted to protect the public against fraud or imposition, or to safeguard the public health or morals, contain a prohibition and impose a penalty, all contracts in violation thereof are void.' " *Endres, supra,*

---

[1] " 'owner' means: * * *

"(b) A person who holds the legal title of a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee * * * then such conditional vendee * * * shall be deemed the owner."

p 8, quoting *Cashin v Pliter,* 168 Mich 386, 389; 134 NW 482 (1912).

Since the sale, unaccompanied by the delivery of the certificate of title, was in violation of the statute, the Court held that it was void and that the seller remained the owner of the vehicle. See, also, *Karibian v Paletta,* 122 Mich App 353, 357; 332 NW2d 484 (1983).

Although the motor vehicle laws have been rewritten since *Endres* was decided, at the time of the accident involved in the present case they continued to require the seller to surrender the certificate of title, MCL 257.233(d); MSA 9.1933(d).[2] They also provided that it shall be a misdemeanor to fail to properly deliver the certificate. MCL 257.239; MSA 9.1939. We also perceive no change in the purpose of the statute. Consequently, we hold that, at the time of the accident, a sale of a motor vehicle which did not include a transfer of the certificate of title as required by the statute was void. Under such circumstances, the seller remained the owner.

In the present case, Elwart did not properly transfer the certificate of title before the date of the accident. The sale to Szymanski was, therefore, void and Elwart remained the owner. The trial

---

[2] The statute has since been amended by 1980 PA 398, § 1. The old statute gave the seller the option of delivering the certificate of title to either the purchaser, transferee or appropriate department within the office of the secretary of state. The new statute requires delivery to the purchaser or transferee:

"The owner shall indorse on the back of the certificate of title an assignment of the title with warranty of title in the form printed on the certificate with a statement of all security interests in the vehicle or in accessories on the vehicle and deliver or cause the certificate to be mailed or delivered to the purchaser or transferee at the time of the delivery to the purchaser or transferee of the vehicle. The certificate shall show the payment or satisfaction of any security interest as shown on the original title." MCL 257.233(4); MSA 9.1933(4).

court erred in ruling otherwise, and, for that reason, summary judgment is reversed.

In light of our disposition of this case, we decline to address defendants' remaining claim.

Reversed and remanded for proceedings consistent with this opinion. Costs to appellants.

MACKENZIE, J. *(concurring)*. I would reverse the summary judgment on the basis that there are genuine disputes as to material facts.

The policy provisions indicate that three determinations are crucial in finding coverage: (1) the vehicle must in fact be "non-owned" by the relative, (2) and not furnished for his regular use, and (3) the vehicle must have been operated with the permission, or reasonably believed to be with the permission, of the owner.

Even if appellant Szymanski is found to be a non-owner, there is a dispute as to whether the car had been "furnished for his regular use". Elwart, in his deposition, stated that the vehicle was turned over to Szymanski so he could make repairs on it and, diversely, that the title was not transferred because Elwart could not locate the certificate of title. The former statement indicates the vehicle was not turned over for Szymanski's regular use whereas the inference from the latter statement is that it was.

Whether the vehicle was being driven with the permission of the owner depends upon the understanding of the parties to the sale since "permission" also encompasses the reasonable belief that it was with permission. Even if the vehicle was not turned over to Szymanski for his regular use in that he did not have permission to use the vehicle, if he had a reasonable belief that he had permission to use the 1972 Nova on a limited basis,

coverage would be afforded. In short, there is a genuine dispute as to a material fact, for where the truth of the material factual assertion depends on the credibility of a deponent, movant, or affiant, "there inheres a genuine issue to be decided at a trial by the trier of fact and a motion for summary judgment cannot be granted". *Brown v Pointer,* 390 Mich 346, 354; 212 NW2d 201 (1973).

Finally, the question of whether Szymanski had an immediate right to possession must still be resolved. Possession does not equal the "immediate right of possession", as required by MCL 257.37; MSA 9.1837. The Szymanski affidavit, attached to defendants' motion for reconsideration of plaintiff's motion for summary judgment, raises a factual dispute on this issue. Summary judgment was inappropriate, and defendants should not be precluded from proving the specific facts which would entitle them to relief.

I also make no determination of the second issue.