BASGALL v KOVACH

Docket No. 85699. Submitted March 5, 1986, at Lansing. Decided November 18, 1986

Maxine R. Basgall was injured on August 15, 1983, when an automobile driven by Robert J. Persinger struck the car in which Basgall was riding. The automobile driven by Persinger was owned by Karen Nelson and Barry Stutesman according to the certificate of title. Stutesman and Persinger both worked for Gary Kovach, doing business as Great Northern Recovery and Adjustment Services. Basgall filed suit against Kovach, individually and doing business as Great Northern Recovery and Adjustment Services, Robert J. Persinger, Barry Stutesman, and Karen Nelson in Ogemaw Circuit Court seeking damages for noneconomic losses for her injuries. Karen Nelson filed an answer denying liability on the ground that she was not a co-owner of the vehicle operated by Persinger because a divorce judgment entered in 1982 awarded sole ownership of the car to her former husband, Barry Stutesman. Nelson also filed a motion for summary judgment on the ground that Persinger was not operating the automobile with her consent or permission since she had no knowledge of or control over the vehicle following entry of the 1982 divorce judgment. The trial court, Carl L. Horn, J., granted summary disposition in favor of Nelson on the ground that she was not an owner of the automobile driven by Persinger by virtue of the divorce judgment transferring sole ownership to Stutesman. Defaults were filed against the other defendants. Plaintiff appealed from the order of summary disposition in favor of Nelson.

The Court of Appeals *held*:

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 44, 45, 632, 641, 665 *et seq.*

What constitutes ownership of automobile within meaning of automobile insurance owner's policy. 36 ALR4th 7.

Comment Note.—Who is "owner" within statute making owner responsible for injury or death inflicted by operator of automobile. 74 ALR3d 739.

What constitutes "operation" or "negligence in operation" within statute making owner of motor vehicle liable for negligence in its operation. 13 ALR2d 378.

1. The trial court erred as a matter of law in finding that Nelson was not an owner of the automobile driven by Persinger. The divorce judgment does not affect Nelson's ownership status within the meaning of the Michigan Vehicle Code. A person who is an owner by virtue of being named on the certificate of title cannot transfer ownership unless all the statutory requirements for transfer are met. Nelson failed to transfer title to Stutesman following entry of the divorce judgment.

2. The case must be remanded to the trial court for a determination of whether Persinger operated the vehicle with Nelson's express or implied consent or knowledge. Without such consent or knowledge, Nelson cannot be held liable for Persinger's negligent operation of the vehicle.

Reversed and remanded.

1. AUTOMOBILES — TRANSFER OF OWNERSHIP — DIVORCE.

A person who is an owner of a motor vehicle by virtue of being named on the certificate of title cannot transfer ownership unless all the statutory requirements for transfer are met; a divorce judgment purportedly transferring ownership of a jointly owned vehicle solely to one of the parties does not affect the ownership status of the other party within the meaning of the Michigan Vehicle Code unless all statutory requirements for transfer of ownership are also met (MCL 257.233; MSA 9.1933).

2. AUTOMOBILES — CIVIL LIABILITY ACT — LIABILITY OF OWNER — NEGLIGENT OPERATION BY ANOTHER.

The civil liability act of the Michigan Vehicle Code protects an owner of a motor vehicle from liability for another's negligent operation of his or her motor vehicle if the operator was using the vehicle without the express or implied consent or knowledge of the owner (MCL 257.401; MSA 9.2101).

3. AUTOMOBILES — CO-OWNERSHIP OF MOTOR VEHICLES — IMPLIED PERMISSION OF USE OR CONTROL.

Mere co-ownership of a motor vehicle does not by itself imply permission or consent to the other owner's use or control of the vehicle or to a third person's use or control of the vehicle permitted by the other owner.

*Zimostrad & Zimostrad, P.C.* (by *Eric W. Zimostrad*), for plaintiff.

*Bensinger, Combs & Cotant, P.C.* (by *Michael D. Combs* and *James C. Cotant*), for Karen Nelson.

Before: SHEPHERD, P.J., and M. J. KELLY and R. L. TAHVONEN,* JJ.

M. J. KELLY, J. Plaintiff appeals as of right from an order of summary judgment dismissing her complaint against defendant for noneconomic losses incurred as a result of a motor vehicle collision. We reverse and remand for further proceedings.

On August 15, 1983, plaintiff's vehicle was struck by a 1979 Chevrolet Monza operated by Robert Persinger. At the time, plaintiff was a passenger in her vehicle and allegedly suffered severe and permanent injuries, serious impairment of body function and serious permanent disfigurement.

Defendants Karen Nelson and Barry Stutesman were the recorded co-owners of the Monza as evidenced by the certificate of title filed with the Secretary of State in 1979. Both Stutesman and driver Persinger were employed at the time of the accident by Gary Kovach, doing business as Great Northern Recovery and Adjustment Services. Plaintiff filed this action on September 21, 1984, naming Nelson, Stutesman, Persinger and Kovach, individually and doing business as Great Northern Recovery and Adjustment Services, as defendants.

On December 13, 1984, defaults were filed against Stutesman, Persinger, Kovach and Great Northern. Prior to that, defendant Karen Nelson had filed an answer denying liability on the ground that she was not a co-owner of the vehicle operated by Persinger because a divorce judgment entered June 24, 1982, awarded sole ownership of the 1979 Monza to her former husband, Barry Stutesman. Defendant subsequently filed a motion for summary judgment on the ground that Per-

* Circuit judge, sitting on the Court of Appeals by assignment.

singer was not operating the 1979 Monza with her consent or permission since she had no knowledge of or control over the vehicle following entry of the 1982 divorce judgment.

The trial court granted summary disposition on the ground that Nelson was not an owner of the 1979 Monza by virtue of the transference of sole ownership to Stutesman by the divorce judgment. Plaintiff now appeals from this order.

Plaintiff does not dispute the terms or validity of the divorce judgment but argues that the judgment does not affect Nelson's ownership status within the meaning of the Michigan Vehicle Code, MCL 257.1 *et seq.;* MSA 9.1801 *et seq.* Because Karen Nelson was an owner of the 1979 Monza at the time of this accident, plaintiff argues, she is subject to the provisions of the civil liability act, MCL 257.401 *et seq.;* MSA 9.2101 *et seq.* We agree.

MCL 257.401; MSA 9.2101 provides in relevant part:

> The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law requires. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge.

The term owner is expressly defined in the Michigan Vehicle Code as:

> (a) Any person, firm, association or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period of greater than 30 days.

(b) A person who holds the legal title of a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner. [MCL 257.37; MSA 9.1837.]

Our Court has consistently held that the definition of owner as used in the Michigan Vehicle Code must be broadly construed to include persons who (1) have exclusive control over the vehicle for at least thirty days, (2) are named on the legal title of the vehicle, or (3) are conditional vendees, lessees or mortgagors with immediate right to possession. *Peters v Dep't of State Highways,* 66 Mich App 560, 564-565; 239 NW2d 662 (1976). There may be several owners of a motor vehicle, within the meaning of the Michigan Vehicle Code, with no one owner possessing "all the normal incidents of ownership." *Messer v Averill,* 28 Mich App 62, 65, n 2; 183 NW2d 802 (1970). A person who is an owner by virture of being named on the certificate of title cannot transfer ownership unless all of the requirements of MCL 257.233; MSA 9.1933 are met. *Id.,* p 66; *Gazdecki v Cargill,* 28 Mich App 128, 131; 183 NW2d 805 (1970).

Defendant admits that she failed to transfer title to her former husband following entry of the divorce judgment. We thus conclude that the trial court erred as a matter of law in finding that defendant was not an owner of the 1979 Monza under the Michigan Vehicle Code. Our holding does not, however, decide the issue of defendant's liability.

The civil liability act protects an owner from liability for another's negligent operation of his or her motor vehicle if the operator did not have the express or implied consent or knowledge of the owner. Defendant argued below that, even if she was a co-owner of the 1979 Monza, Persinger operated the vehicle without her express or implied consent or knowledge in operating the vehicle and she is therefore not liable for plaintiff's injuries under the civil liability act. Since the trial court did not resolve this issue below, we are unable to review it on appeal.

On remand, therefore, defendant is not precluded from again raising the absence of consent or knowledge as a defense to this action. We note that in *Roberts v Posey,* 386 Mich 656, 661-662; 194 NW2d 310 (1972), the Supreme Court explained:

> The statute absolves the owner from liability only when the vehicle is being *driven* without his express or implied consent or knowledge. The consent or knowledge, therefore, refers to the *fact* of the *driving.* It does not refer to the *purpose* of the driving, *the place* of the driving, or to the *time* of the driving.
>
> The purpose of the statute is to place the risk of damage or injury upon the person who has the ultimate control of the vehicle. [Emphasis in original. See also *Cowan v Strecker,* 394 Mich 110; 229 NW2d 302 (1975).]

The facts of this case as now developed suggest that the critical issue on remand will be whether defendant implicitly consented to or knew of Persinger's operation of the 1979 Monza. Although it is true that defendant is a co-owner of the vehicle, mere co-ownership does not by itself imply permission or consent to the other owner's use or control.

See 7A Am Jur 2d, § 675, p 910. The corollary of this rule is that co-ownership by itself does not imply permission or consent to a third person's use or control permitted by the co-owner. Knowledge or consent must be proven by the surrounding circumstances and are matters for the triers of fact, *id.,* unless the court is satisfied that it is impossible for the claim of consent or knowledge to be supported by the evidence at trial. MCR 2.116(C)(10).

Reversed and remanded.