LASKOWSKI v STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Docket No. 102696. Submitted May 5, 1988, at Detroit. Decided
September 7, 1988. Leave to appeal applied for.

Sharon Laskowski purchased a business on an installment basis
from Mark and Linda Prong. Laskowski was to receive title to
the business and all its assets, including a van, upon full
payment of the purchase price in three years. After purchasing
the business, Laskowski was injured in an accident involving
the van, which at that time was not covered by a no-fault
insurance policy issued to either Laskowski or the Prongs.
Laskowski filed a claim for personal protection insurance bene-
fits with the no-fault insurer of her own motor vehicle, State
Farm Mutual Automobile Insurance Company, which initially
paid benefits but subsequently denied additional claims for
benefits. Laskowski then brought an action in Wayne Circuit
Court against State Farm, seeking the payment of benefits. The
trial court, J. Phillip Jourdan, J., on facts stipulated to by the
parties and on cross motions for summary disposition, entered
an order granting summary disposition in favor of defendant,
ruling that plaintiff was the owner of the uninsured van and,
as such, she may not claim personal protection insurance
benefits for her injury under the provisions of the no-fault act.
Plaintiff appealed.

The Court of Appeals held:

An "owner," defined by the Michigan Vehicle Code as a
person renting a motor vehicle or having the exclusive use
thereof under a lease or otherwise for a period longer than
thirty days or a person who takes immediate possession of a
motor vehicle under a conditional sale or lease and is entitled
to the right to purchase and hold legal title to the vehicle upon
performance of the conditions of the sale or lease, of a motor
vehicle involved in an accident, with respect to which vehicle

REFERENCES

Am Jur 2d, Automobile Insurance §§ 56 et seq., 134.

Automobile liability insurance: what are accidents or injuries "aris-
ing out of ownership, maintenance, or use" of insured vehicle. 15
ALR4th 10.

the security required for the payment of personal protection insurance benefits was not in effect, may not collect any personal protection insurance benefits for injuries sustained in the accident.

Affirmed.

MURPHY, J., dissented and would hold that plaintiff was not the owner of the van at the time of the accident since the sale of the van was void because the sellers failed to transfer the certificate of title to plaintiff and register the sale with the Secretary of State as required by the Michigan Vehicle Code. Judge MURPHY would reverse the trial court and enter a judgment in favor of plaintiff and remand for a hearing on the issue of damages.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — ACCIDENTAL BODILY INJURY — OWNERS.

An "owner," defined by the Michigan Vehicle Code as a person renting a motor vehicle or having the exclusive use thereof under a lease or otherwise for a period longer than thirty days or a person who takes immediate possession of a motor vehicle under a conditional sale or lease and is entitled to the right to purchase and hold legal title to the vehicle upon performance of the conditions of the sale or lease, of a motor vehicle involved in an accident, with respect to which vehicle the security required for the payment of personal protection insurance benefits was not in effect, may not collect any personal protection insurance benefits for injuries sustained in the accident (MCL 257.37, 500.3113; MSA 9.1837, 24.13113).

*Alpert & Alpert* (by *Joel L. Alpert*), for plaintiff.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Ernst W. Kuck*), for defendant.

Before: GILLIS, P.J., and MURPHY and H. R. GAGE,* JJ.

GILLIS, P.J. Plaintiff appeals as of right from the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

The parties agreed upon the following facts. In

---

* Circuit judge, sitting on the Court of Appeals by assignment.

November, 1983, plaintiff entered into an agreement to purchase Mark and Linda Prong's catering business, including equipment. Part of the equipment was a 1982 GMC van. Plaintiff made a $10,000 down payment and was to pay $300 each month until she paid the Prongs $19,500. When the last payment was made three years later plaintiff was to receive title to the business and the van. In the interim, the certificate of title remained in Mark Prong's name and possession. Within two weeks of her initial purchase of the business and its equipment, plaintiff had exclusive use of the van. Neither Prong nor plaintiff obtained no-fault insurance on the van. Nonetheless, plaintiff did have a no-fault insurance policy issued by defendant to cover another vehicle. On March 25, 1986, plaintiff was injured when she was pinned between the van and a building. Although defendant originally paid benefits, it later claimed that plaintiff was not entitled to personal protection insurance benefits under MCL 500.3113; MSA 24.13113, which prior to an amendment after the date of the accident provided:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> *    *    *
>
> (b) The person was the owner or registrant of a motor vehicle involved in the accident with respect to which the security required by subsections (3) and (4) of section 3101 was not in effect [i.e., the vehicle was not insured].

Defendant claimed that plaintiff was the owner of the van under MCL 257.37; MSA 9.1837, § 37 of the Michigan Vehicle Code, which provides:

"Owner" means: (a) Any person, firm, association or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period of greater than 30 days.

(b) A person who holds the legal title of a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee or in the event a mortgagor of a vehicle is entitled to possession, then such a conditional vendee or lessee or mortgagor shall be deemed the owner.

We note the no-fault act does not define the term "owner."

In *Albanys v Mid-Century Ins Co,* 91 Mich App 41; 282 NW2d 11 (1979), rev'd 407 Mich 925 (1979), Michele Albanys purchased an automobile from Thomas Slyfield and received title to the car. Ms. Albanys intended to sell the car to her father, the plaintiff, for $1,100. The plaintiff paid his daughter $600 and was to pay her $500 on January 8, 1977. Ms. Albanys never executed an assignment of title to her father and did not deliver title to him. On January 7, 1977, Ms. Albanys took the license plates from her deceased mother's automobile and put them on the car she was selling to her father. That evening the plaintiff drove the car and was involved in an accident. He had planned to purchase insurance for the car the next day. At the time of the accident, the plaintiff was not a named insured under any no-fault insurance policy; however, the plaintiff's daughter was the named insured under a no-fault policy issued by the defendant, which covered her deceased's mother's car. The plaintiff apparently sought personal protection insurance under the defendant's policy as a resident relative.

This Court held that Ms. Albanys became the owner of the vehicle when the certificate of title was properly endorsed and delivered to her at the time she was in possession of the vehicle. This Court then held that the plaintiff was also an owner of the car he was purchasing from his daughter. This Court noted that while, as a general rule, the owner of an automobile is the person in whose name the vehicle is registered with the Secretary of State and whose name is listed on the certificate of title, a person need not hold legal title to a vehicle to be an owner of it under MCL 257.37(b); MSA 9.1837(b). This Court also noted that under the Michigan Vehicle Code's definition of "owner" there could be more than one owner of a vehicle, and that a conditional sale was one in which the transfer of title is made contingent upon the performance of a condition, usually the payment of the price. Thus, this Court held that the plaintiff was a conditional vendee under MCL 257.37(b); MSA 9.1837(b) and entitled to immediate possession. Hence, this Court held that the plaintiff was not entitled to PIP benefits because he was the owner of the uninsured vehicle involved in the accident.

Our Supreme Court reversed this Court's decision in *Albanys,* holding that there were genuine issues of material fact as to whether there was a conditional sale and, if there was, whether the plaintiff had a right to immediate possession. The Court explicitly declined to determine whether the defendant was entitled to prevail if the plaintiff had a right to immediate possession.

In *Michigan Mutual Auto Ins Co v Reddig,* 129 Mich App 631; 341 NW2d 847 (1983), lv den 419 Mich 877 (1984), defendant Gregory Szymanski was driving an uninsured car when he struck Uwe Reddig's vehicle, killing her. Reddig's personal

representative sued Szymanski and Michigan Mutual, which denied coverage and brought a declaratory judgment action. The plaintiff had issued a no-fault policy to the Baubies, Szymanski's sister and brother-in-law, with whom Szymanski resided. The plaintiff's policy provided:

"Persons Insured: The following are insured under Part I:

\* \* \*

"(b) with respect to a non-owned automobile,

\* \* \*

"(2) any relative, but only with respect to a private passenger automobile . . . provided his actual operation . . . is with the permission or reasonably believed to be with the permission, of the owner and is within the scope of such permission . . . .

" 'non-owned automobile' means an automobile . . . not owned by or furnished for the regular use of either the named insured or a resident of the same household as the named insured . . . ." [129 Mich App 633.]

At the time of the accident, Szymanski had agreed to purchase the car from Dennis Elwart, its registered owner and title holder. Szymanski had paid $60 of the $100 purchase price and the car was delivered to his residence. Elwart, however, had not transferred certificate of title to Szymanski because he could not find it. Moreover, Elwart had not registered the sale with the Secretary of State. The trial court held that Szymanski was an owner of the automobile as a conditional vendee, citing MCL 257.37(b); MSA 9.1837(b). This Court reversed, holding that the sale between Elwart and Szymanski was void because Elwart did not surrender the certificate of title at the time of the delivery as he was required to do by MCL

257.233(4); MSA 9.1933(4). This Court noted that Elwart's failure to comply with that statute was a misdemeanor, MCL 257.239; MSA 9.1939. The Court also noted that the purpose of these statutes was to discourage and prevent the stealing of automobiles and to protect the public against crime. Hence, this Court held that Elwart remained the sole owner of the vehicle.

In this case, plaintiff relies on *Michigan Mutual Auto Ins Co* and claims that, because she did not receive the certificate of title, she was not the owner of the van. Plaintiff further argues that this Court's decision in *Albanys* was reversed by our Supreme Court. Plaintiff also argues that this Court's holding in *Basgall v Kovach,* 156 Mich App 323; 401 NW2d 638 (1986), supports her position.

In *Basgall,* the plaintiff's vehicle was struck by a car driven by Robert Persinger. Karen Nelson and Barry Stutesman were listed as co-owners of the car driven by Persinger on the certificate of title filed with the Secretary of State. Stutesman and Persinger worked for Gary Kovach. Nelson moved for summary disposition on the ground that she was not the owner of the car under the Michigan Vehicle Code because under the terms of a divorce judgment Stutesman was awarded the vehicle. The trial court agreed. This Court reversed, holding that Nelson's failure to transfer title to Stutesman made her an owner under MCL 257.37(b); MSA 9.1837(b).

Defendant, on the other hand, argues that *Albanys* correctly reasoned that the Michigan Vehicle Code's definition of "owner" should be applied to the no-fault act, citing *State Farm Mutual Automobile Ins Co v Sentry Ins Co,* 91 Mich App 109; 283 NW2d 661 (1979), lv den 407 Mich 911 (1979).

In *State Farm Mutual Automobile Ins Co,* this Court held that the no-fault act and the Michigan

Vehicle Code should be construed in pari materia because they relate to the same class of things. This Court noted that construing "owner" as it is defined in the Michigan Vehicle Code would further the purpose of the no-fault act.

Plaintiff claims that *State Farm Mutual Automobile Ins Co* should be limited to its specific holding that the definition of "owner" in the Michigan Vehicle Code may be read into the no-fault act to determine priorities between insurance companies. Plaintiff further claims that a broad interpretation of "owner" under the no-fault act will not further the no-fault act's purpose of providing PIP benefits whenever an insured is injured in a motor vehicle accident.

Plaintiff fails to realize that the Legislature also expressly provided that an owner or registrant of an uninsured vehicle involved in an accident is not entitled to PIP benefits. MCL 500.3113(b); MSA 24.13113(b). Moreover, we cannot believe that the Legislature would have intended that plaintiff, who had exclusive use of the van for 2½ years, should recover PIP benefits because she properly insured another vehicle. While plaintiff did not have title to the van, she had exclusive use of it for a period in excess of thirty days, albeit under a void contract, and, therefore, we agree with the trial court that she was the owner of an uninsured motor vehicle involved in the accident and was not entitled to PIP benefits.

Affirmed.

H. R. GAGE, J., concurred.

MURPHY, J. *(dissenting)*. I dissent. The stipulated facts reveal that plaintiff had obtained a no-fault automobile policy on a motor vehicle. Admittedly, that no-fault policy did not cover the van in this

accident.[1] Nonetheless, plaintiff had personal injury protection (PIP) coverage at the time this accident occurred. I do not believe that the Legislature intended to exclude persons in this situation from receiving PIP benefits. Such a result is inconsistent with the overall purpose of the no-fault act. Indeed, our Supreme Court has stated that one purpose of the no-fault act is to provide a contractual right of action against one's insurer for medical expenses arising from a motor vehicle accident.[2]

In this case, defendant had to establish facts justifying the denial of PIP benefits to plaintiff. At the time the accident occurred, MCL 500.3113; MSA 24.13113 provided in pertinent part:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> *     *     *
>
> (b) The person was the owner or registrant of a motor vehicle involved in the accident with respect to which the security required by subsections (3) and (4) of section 3101 was not in effect.

It was stipulated that plaintiff was not the regis-

---

[1] It is altogether plausible that plaintiff assumed that the seller and title holder to the 1982 van would have maintained a no-fault insurance policy on the van during the time she was making the installment payments on the catering business equipment. The stipulated facts do not address the matter of who obtained the license plates for the van during the two years plaintiff had possession of the van. However, since the Michigan Vehicle Code requires a purchaser or transferee of any interest in a motor vehicle to present the title and registration to obtain license plates (see MCL 257.233 and 257.234; MSA 9.1933 and 9.1934), it appears unlikely plaintiff would have been able to secure the license plates. Such a scenerio bolsters the theory that plaintiff would have assumed that insurance on the van was being provided by the sellers.

[2] *Bradley v Mid-Century Ins Co*, 409 Mich 1, 62; 294 NW2d 141 (1980).

trant of the van involved in the accident; there-
fore, defendant had to establish that plaintiff was
the owner of the van in order to deny her benefits.
Since the no-fault act does not define "owner," the
majority relies on the broad definition provided by
the Michigan Vehicle Code, MCL 257.37; MSA
9.1837. I do not agree with this approach because
employing that definition can defeat the legislative
purpose of providing PIP benefits when an insured
is injured as a result of the ownership, operation
or maintenance of a motor vehicle.

I believe this case is controlled by this Court's
opinion in *Michigan Mutual Ins Co v Reddig,* 129
Mich App 631; 341 NW2d 847 (1983), lv den 419
Mich 877 (1984). In *Reddig* the seller of a motor
vehicle had not transferred the certificate of title
to the installment buyer and the seller had not
registered the sale with the Secretary of State.
This Court held that the sale was void and the
buyer was not an owner of the uninsured vehicle.
The same result should apply to this case. The
sellers, the Prongs, failed to transfer any form of
title to plaintiff.[3] Moreover, the sellers apparently
failed to notify the Secretary of State of the trans-
fer. Employing the reasoning of *Reddig, supra,*
plaintiff in this case was not the owner of the van
at the time of the accident. The stipulated facts
established that "the certificate of title to the 1982
GMC van was in the name and in the possession of
and registered to a third party, Mark R. Prong."[4]
Therefore, I believe defendant failed to meet its
burden of establishing facts which justify its denial
of PIP benefits to plaintiff. See also *Endres v Mara-*

[3] The Prongs could have very easily transferred title to plaintiff and
retained a lien on the van which would have been noted on the title.

[4] Under the stipulated facts, I am not persuaded that plaintiff,
lacking title, registration or even a lease, could have obtained insur-
ance or license plates on the 1982 GMC van.

*Rickenbacker Co,* 243 Mich 5; 219 NW 719 (1928);
*Basgall v Kovach,* 156 Mich App 323; 401 NW2d
638 (1986); *Karibian v Paletta,* 122 Mich App 353,
357; 332 NW2d 484 (1983); MCL 257.233(4); MSA
9.1933(4).

Efforts to use provisions in the no-fault act or
no-fault insurance policies to deny PIP benefits to
an injured person who has obtained and paid for a
no-fault policy should be met with resistance. Un-
der the no-fault act persons, not motor vehicles,
are insured against loss under PIP coverage. Our
Supreme Court in *Lee v DAIIE,* 412 Mich 505, 515;
315 NW2d 413 (1981), stated:

> Reference to other provisions of the no-fault act
> not directly implicated in the issue before us,
> particularly §§ 3114 and 3115, *suggests strongly
> that the Legislature, in its broader purpose, in-
> tended to provide benefits whenever, as a general
> proposition, an insured is injured in a motor vehi-
> cle accident, whether or not a registered or cov-
> ered motor vehicle is involved;* and in its narrower
> purpose intended that an *injured person's personal
> insurer stand primarily liable* for such benefits
> whether or not its policy covers the motor vehicle
> involved and *even if* the involved vehicle is cov-
> ered by a policy issued by another no-fault insurer.
> [Emphasis added.]

I would reverse the trial court's decision grant-
ing defendant's motion for summary disposition
and would enter judgment in favor of plaintiff and
remand for a hearing on the issue of damages.